UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

## 00-6186

CASE NO. _____

# CIV-FERGUSON

STREET INFORMATION SYSTEMS,
INC.,

MAGISTRATE JUDGE
SNOW

Plaintiff,

vs.

CITY OF WILTON MANORS,

Defendant.

_____/

## COMPLAINT

Plaintiff Street Information Systems, Inc. ("SIS"), for its complaint against the

City of Wilton Manors ("Wilton Manors" or the "City"), alleges:

1.      This is an action for declaratory and injunctive relief, together with

reasonable attorney's fees and such other relief as the Court may deem appropriate.  The action is

based upon the facial unconstitutionality of a sign ordinance enacted by Defendant which

impermissibly infringes upon the right of SIS and its advertisers to free speech as guaranteed by

the First and Fourteenth Amendments to the United States Constitution.

### Jurisdiction and Venue

2.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and

1343(a)(3) and (4) because the action arises under the First and Fourteenth Amendments to the

United States Constitution and under 42 U.S.C. § 1983.



3.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because Plaintiff's claim arises in this district and Defendant is a municipal corporation located within this district.

### Parties

4.      Plaintiff SIS is a Florida corporation with its principal place of business in Broward County, Florida.

5.      Defendant Wilton Manors is a Florida municipality located in Broward County, duly organized and existing under the laws of the State of Florida.

### Allegations

6.      Outdoor advertising is a cost-effective means of displaying commercial, political and public service messages to a wide audience.  Many businesses, not-for-profit institutions, and other persons or groups rely on outdoor advertising as the farthest reaching, most appropriate, least expensive and perhaps only means of communicating the message displayed.

7.      SIS is developing a number of outdoor advertising signs, including sign faces, sign structures, and appurtenant equipment in various locations throughout the United States, including Broward County, Florida.

8.      In many instances, SIS is a ground lease tenant.  The ground leases authorize SIS to erect and maintain outdoor advertising signs containing commercial and noncommercial messages relating to products, services and activities conducted on property other than the property where the sign is located (i.e., off-premise signs).

-2-

9.    SIS signs are available to local and national advertisers for commercial and noncommercial messages similar to newspaper and broadcast advertising.  The users and messages change periodically.

<u>Wilton Manors and Its Sign Ordinance</u>

10.    SIS leases certain real property located within Wilton Manors.  The leases grant SIS the right to erect and maintain outdoor advertising signs on the leased premises.

11.    On or about May 27, 1997, the City adopted a comprehensive sign ordinance regulating the use of outdoor advertising within the city limits.  A copy of the sign ordinance in effect when SIS filed its applications for permits ("the Ordinance") is annexed hereto as Exhibit "A".

12.    On or about July 8, 1999, SIS submitted applications for 6 permits to construct outdoor advertising off-premise signs within the City.

13.    All such applications were rejected August 10, 1999 on the basis that the Ordinance prohibits billboards.

14.    The Ordinance authorizes permanent on-premise commercial signage identifying the premises where the sign structure is located and its main use.

15. The ordinance prohibits off premise non-commercial speech, with certain specified exceptions.

16. The Ordinance's preference for on-premise commercial speech over off-premise non-commercial speech violates the First and Fourteenth Amendments to the United States Constitution.

17.    The exemptions to the Ordinance's prohibition of off-premise non-commercial speech require examination of the content of non-commercial messages. In most instances, whether non-commercial signs are exempted or prohibited turns on whether or not they convey messages approved by the Ordinance.

18. The City's choosing of some but not all non-commercial messages as appropriate on signage within the City violates the provisions of the First and Fourteenth Amendments to the United States Constitution.

19. The distinction drawn in the Ordinance between on-premise and off-premise commercial advertising bears no relationship to the City's asserted interests in traffic safety and maintaining an attractive appearance.

20. A sign presents the same impact on traffic safety or aesthetics whether it advertises on-premise or off-premise speech.

21. The Ordinance does not advance the City's asserted interests in enacting it.

22.    Less restrictive means than the means chosen by the City were available to the City to advance its interests in traffic safety and aesthetics, such as through limitation of all signage per lot, size or location without the need to address sign content.

23. The Ordinance in its treatment of commercial speech violates the First and Fourteenth Amendments to the United States Constitution because it reaches further than necessary to accomplish its given objectives.

24. While commercial signs can permanently advertise the owner and property, political signs connected with a pending election are allowed on a temporary basis only with a candidate's signs authorized only if the person or organization erecting the sign has filed a

- 4 -

written statement with the Community Service Director guaranteeing the removal of the sign within 21 days after the election to which the sign pertains.

25.   A person found violating any provisions of the Ordinance relating to political signs is subject to a $500 fine and/or a period of imprisonment of up to 60 days. No similar provision is required for on premise commercial signage.

26. The Ordinance treats commercial signs more favorably than political signs.

27.   The Ordinance treats political signs in different ways depending wholly upon their content.  For example, political signs concerning current campaigns are permitted, but issues of a political nature without reference to matters on a ballot are subject to prohibition.

28.   The Ordinance lacks any standards to guide the discretion of the officials administering it to determine whether a sign referring to a non-commercial cause is exempted from regulation as a permanent political sign, or subject to the requirements of the Ordinance as one "relating to elections" and hence subject to a temporary permit, or an off-premise sign which the Ordinance expressly prohibits.

29.   The Ordinance violates the First and Fourteenth Amendments to the United States Constitution by granting those enforcing its provisions unbridled discretion in determining whether to authorize the Ordinance's exemption for permanent political signs.

30. In its treatment of political signage, the Ordinance violates the First and Fourteenth Amendments to the United States Constitution

31.   For all of the reasons set forth above, at the time SIS submitted its applications for permits, the City's sign ordinance regulating applications for permits was unconstitutional in its entirety.

32.     SIS complied with all lawful zoning requirements in effect when its applications were filed.  As a consequence, SIS has vested rights under Florida law to its permits.

33.     SIS has no adequate remedy at law to secure relief from the Wilton Manors Ordinance.

### Demand for Relief

WHEREFORE, Street Information Systems, Inc. demands judgment against the City of Wilton Manors as follows:

A.      Declaring that the sign ordinance in effect when SIS applied for permits was unconstitutional in its entirety;

B.      Preliminarily enjoining the City of Wilton Manors from enforcing its sign ordinance against SIS;

C.      Directing the City of Wilton Manors to follow its usual and customary processes and ministerial duties in connection with the issuance of any lawful building or sign permits to SIS;

D.      Granting such relief as may be just and proper; and

E.     Awarding SIS its costs and disbursements in this action, including, but not limited to, reasonable attorney's fees.

February 3, 2000

Respectfully submitted,

Myron D. Cohen
Hunton & Williams
200 Park Avenue
New York, New York 10166
(202) 309-1000 (Telephone)
(202) 309-1100 (Facsimile)

and

Gary R. Rutledge
Fl. Bar No. 222674
Rutledge, Ecenia, Purnell & Hoffman, P.A.
215 South Monroe St., Suite 420
Tallahassee, Fl 32301
(850) 681-6788 (Telephone)
(850) 681-6515 (Facsimile)

Attorneys for Plaintiff,
STREET INFORMATION SYSTEMS, INC.

F:\USERS\SYLVIA\HARDIN\WILTONMANOR



# CITY OF WILTON MANORS SIGN CODE ORDINANCE



EXHIBIT

A

ORDINANCE NO. Z-199

1   AN ORDINANCE OF THE CITY COUNCIL OF THE CITY OF
2   WILTON MANORS, FLORIDA, REPEALING ARTICLE 11 OF THE
3   ZONING ORDINANCE OF THE CITY OF WILTON MANORS,
4   TITLED "SIGNS" IN ITS ENTIRETY; CREATING NEW
5   ARTICLE 11 TITLED "SIGN REGULATIONS"; PROVIDING FOR
6   DEFINITIONS AND INTERPRETATION; PROVIDING FOR PERMIT
7   REQUIREMENTS; PROVIDING FOR EXEMPTIONS; PROVIDING
8   FOR SETBACK REQUIREMENTS; PROVIDING FOR NON-
9   CONFORMING USES; PROVIDING FOR REMOVAL; PROVIDING
10  FOR PROHIBITED SIGNS AND SIGN DEVICES; PROVIDING FOR
11  TEMPORARY SIGNS; PROVIDING FOR SIGN REGULATIONS PER
12  ZONING DISTRICT; PROVIDING FOR COMPUTATIONS;
13  PROVIDING FOR CONFLICTS; PROVIDING FOR SEVERABILITY;
14  PROVIDING FOR INCLUSION; PROVIDING FOR AN EFFECTIVE
15  DATE

16  WHEREAS, the City Council, from time to time, reviews the Zoning Ordinance

17  of the City of Wilton Manors and directs City staff to recommend certain changes to its

18  provisions; and

19  WHEREAS, at City Council direction, staff has reviewed the Zoning Ordinance

20  provisions relating to the regulation of signs within the City of Wilton Manors; and

21  WHEREAS, Article 11 was last amended in 1985; and

22  WHEREAS, the City staff and the Planning and Zoning Board, after review and

23  study has recommended to the City Council that Article 11 be repealed and replaced to

24  more efficiently and effectively administer and enforce these regulations; and

25  WHEREAS, the City Council has determined it to be in the best interests of the

26  citizens of the City to repeal Article 11 of the Zoning Ordinance of the City of Wilton

27  Manors and replace it with a new Article 11;

CODING:    Words in ~~struck-through~~ type are deletion from
           existing law;
           Words in underscored type are additions

Page 1 of 20

1    NOW, THEREFORE, BE IT ORDAINED BY THE CITY COUNCIL OF THE

2  CITY OF WILTON MANORS, FLORIDA:

3    Section 1.  That Article 11 of the Zoning Ordinance of the City of Wilton Manors

4  titled "Signs", is hereby repealed in its entirety.

5    Section 2.  That Article 11 of the Zoning Ordinance of the City of Wilton Manors

6  titled "Sign Regulations", is hereby created to read as follows:

7      ARTICLE 11.   SIGN REGULATIONS

8  11-1 PURPOSE

9    A.  The purpose of this Article is to permit signs that will not by their size,
10 location, construction or manner of display, endanger the health, safety and general welfare
11 of the public.

12    B.  To encourage signs that are architecturally compatible with the buildings
13 upon which they are placed.

14    C.  To facilitate and efficiently transfer information.

15  11-2 DEFINITIONS AND INTERPRETATION

16 Words and phrases used in this Ordinance shall have the meanings set forth in this section.
17 Words and phrases not defined in this section but defined in section 3-2 of the Zoning
18 Ordinance of the City of Wilton Manors shall be given the meanings set forth in such
19 ordinance.  All other words and phrases shall be given their common ordinary meaning,
20 unless the context clearly requires otherwise. Section headings or captions are for reference
21 purposes only and shall not be used in the interpretation of this ordinance.

22    (1)  ANIMATED SIGN:  Any sign that uses movement or change of lighting to
23 depict action or create a special effect or scene.

24    (2)  BANNER:  Any sign of fabric or similar material that is mounted to a pole,
25 a wire or a building at one or more edges or covers an existing sign.  A banner which is
26 erected in a window area shall be considered a window sign.  A banner which is

CODING:  Words in ~~struck through~~ type are deletion from
      existing law;
      Words in <u>underscored</u> type are additions

KLE:aw [920129.WM\ORD\Z-199] 4-8-97;4-17-97 DRAFT 002
KLE/djd[920129 wm\ord\z-199.rev\ 051997.1

erected inside a building doorway, garage door opening or other opening shall be considered a banner sign. National flags, state or municipal flags or the official flag of any institution or business shall not be considered banners.

(3)  BEACONS:  Any light with one or more beams directed into the sky or directed at one or more points not on the same zone lot as the light source; also any light with one or more beams that rotate or move.

(4)  BUILDING IDENTIFICATION MARKER:  Any sign indicating the name of a building and date and incidental information about its construction, which sign is cut into a masonry surface or made of bronze or other permanent material.

(5)  BUILDING SIGN:  Any sign attached to any part of a building as contrasted to a free standing sign.

(6)  CANOPY SIGN:  Any sign that is part of or attached to an awning, canopy or other fabric, plastic or structural protective cover over a door, entrance, window or outdoor service area.  A marquee shall not be considered a canopy.

(7)  CHANGEABLE COPY SIGN:  A sign or portion thereof with characters, letters or illustrations that can be changed or rearranged without altering the face or the surface of the sign.  A sign on which the message changes more than eight (8) times per day shall be considered an animated sign and not a changeable copy sign for the purpose of this section.  A sign on which the only copy that changes is an electronic or mechanical indication of time and/or temperature shall be considered a "time and temperature" portion of a sign and not a changeable copy sign for purposes of this section.

(8)  COMMERCIAL MESSAGE:  Any sign wording, logo or other representation that directly or indirectly names, advertises or calls attention to a business, product, service or other commercial activity.

(9)  DIRECTOR:  The Community Services Director of the City of Wilton Manors or his/her designee.

(10)  FLAG: Any fabric, banner or bunting containing distinctive colors, patterns or symbols, used as a symbol of a government, political subdivision or other entity. The display and use of the flag of the United States of America by civilians or civilian groups or organizations shall comply with 36 United States Code, Sections 171, et. seq., as amended.

CODING:   Words in ~~struck through~~ type are deletion from existing law;
Words in <u>underscored</u> type are additions

KLE:aw [920129.WM\ORD\Z-199] 4-8-97,4-17-97 DRAFT 002
KLE/djd[920129.wm\ord\z-199.rev\ 051997.1

1          (11)    FREE STANDING SIGN:  Any sign supported by structures supports that
2  are placed on or anchored in the ground and that are independent from any building or
3  structure.

4          (12)    INCIDENTAL SIGN:  A sign, generally informational, that has a purpose
5  secondary to the use of zone lot or which it is located, such as "No Parking," "Entrance,"
6  "Exit," "Loading Zone," "Telephone" and other similar directives.  No sign with a
7  commercial message legible from a position off the zone lot on which the sign is located
8  shall be considered incidental.

9          (13)    LOT:  Any piece or parcel of land or a portion of s subdivision, the
10  boundaries of which have been established by some legal instrument of record, that is
11  recognized and intended as a unit for the purpose of transfer of ownership.

12          (14)    MARQUEE: Any permanent roof-like structure projecting beyond a building
13  or extending along and projecting beyond the wall of the building, generally designed and
14  constructed to provide protection from the weather.

15          (15)    MARQUEE SIGN:  Any sign attached to, in any manner or made a part of
16  a marquee.

17          (16)    NON-CONFORMING SIGN:  Any sign that does not conform to the
18  requirements of this code.

19          (17)    PENNANT:  Any plastic, fabric or other material whether or not containing
20  a message of any kind, suspended from a rope, wire or string, usually in series, designed
21  to move in the wind.

22          (18)    PERSON:  Any entity, individual, association, company, corporation, firm,
23  organization or partnership, singular or plural, of any kind.

24          (19)    PORTABLE SIGN:  Any sign not permanently attached to the ground or
25  other permanent structure, or a sign designed to be transported, including, but not limited
26  to signs designated to be transported by means of wheels; signs known as "A" frames or
27  "T" frames; menu and sandwich board signs; balloons used as signs; umbrellas used for
28  advertising; and signs attached to or painted on vehicles parked and visible from the public
29  right-of-way, unless said vehicle is used in the normal day-to-day operations of the
30  business.

31          (20)    PRINCIPAL BUILDING:  The building in which is conducted the principle
32  use of the zone lot on which it is located.  Zone lots with multiple principle uses may have

CODING:    Words in ~~struck through~~ type are deletion from
            existing law;
            Words in <u>underscored</u> type are additions

KLE:aw [920129.WM\ORD-Z-199] 4-8-97;4-17-97 DRAFT 002
KLE/djd[920129.wm\ord-z-199.rev\ 051997.1

multiple principle buildings, but storage buildings, garages and other clearly accessory uses shall not be considered principle buildings.

(21)    PROJECTING SIGN:  Any sign affixed to a building or wall in such a manner that its leading edge extends more than twelve (12) inches beyond the surface of such building or wall.

(22)    RESIDENTIAL REAL ESTATE SIGN: A temporary, non-illuminated sign, advertising residential real property for sale or lease.

(23)    ROOF SIGN:  A sign which is fastened to and supported by or on the roof of a building or which extends over the roof of a building or a projecting sign which extends more than thirty-six (36) inches over or above the roof line or parapet wall of a building.

(24)    ROOF SIGN INTEGRAL:  Any sign erected or constructed as an integral part of a normal roof structure of any design, such that no part of the sign extends vertically above the highest portion of the roof and such that no portion of the sign is separated from the rest of the roof by a space of more than six (6) inches.

(25)    SETBACK:  The distance from the property line to the nearest part of the applicable building, structure or sign measured perpendicularly to the property line.

(26)    SIGN:  Any device, fixture, placard or structure that uses any color, form, graphic, illumination, symbol or writing to advertise, announce the purpose of or identify the purpose of a person or entity or to communicate information of any kind to the public.

(27)    STREET:  A strip of land or way, subject to vehicular traffic (as well as pedestrian traffic) that provides direct or indirect access to property, including but not limited to alleys, avenues, boulevards, courts, drives, highways, lanes, places, roads, terraces, trails or other thoroughfares.

(28)    STREET FRONTAGE:  The distance for which a lot line of a zone lot adjoins a public street, from one lot line intersecting said street to the furthest distant lot line intersecting the same street.

(29)    SUSPENDED SIGN:  A sign that is suspended from the underside of a horizontal plane surface and is supported by such surface.

(30)    TEMPORARY SIGN:  Any sign that is used only for a limited period of time and is not permanently mounted.

CODING:    Words in ~~struck through~~ type are deletion from
existing law;
Words in <u>underscored</u> type are additions

KLE:aw [920129.WM\ORD\Z-199] 4-8-97;4-17-97 DRAFT 002
KLE/djd[920129.wm\ord\z-199.rev\ 051997.1

(31)    WALL SIGN:  Any sign attached parallel to, but within twelve (12) inches of, a wall, painted on the wall surface of, or erected and confined within the limits of an outside wall of any building or structure, which is supported by such wall or building, and which displays only one (1) sign surface.

(32)    WINDOW SIGN:  Any sign, pictures, symbol or combination thereof, designed to communicate information about an activity, business, commodity, event, sale or service, that is placed inside a window or upon the window panes or glass and is visible from the exterior of the window.

(33)    VEHICLE SIGN:  A sign attached to or placed on a vehicle, including automobiles, trucks, boats, campers, and trailers which vehicle is parked on or otherwise utilizing a public or private right-of-way, public property or private property so as to be intended to be viewed from a vehicular right-of-way for the basic purpose of providing advertisement of products or services or directing people to a business or activity.  This definition is not to be construed to include those signs or such advertising devices as may be attached to and within the normal unaltered lines of the vehicle of a licensed transit carrier that identify a firm or its principal products on a vehicle, of but only during the time said vehicle is regularly and customarily traversing the public highways during the normal course of business.

(34)    ZONE LOT:  A parcel of land in single ownership that is of sufficient size to meet minimum zoning requirements for area, coverage, and use, and that can provide such yards and other open spaces as required by the zoning regulations.

11-3    GENERAL SIGN REGULATIONS

A.    Permit Required.  Except as provided in this Article, no sign, whether permanent or temporary, shall be erected, constructed, posted, painted, altered, maintained, or relocated until a permit has been issued by the Building Official.  Before any permit is issued, an application, provided by the Building Department shall be filed together with such drawings and specifications as may be necessary to fully advise the city with the location, construction, materials, manner of illuminating, method of securing or fastening, the number of signs applied for and the wording of the sign.  All signs which are electrically illuminated by neon or other means, shall require a separate electrical permit and inspection.

B.    Code Requirements.  Structural and safety features and electrical systems shall be in accordance with the requirements of the South Florida Building Code, Broward County Edition.  No sign shall be approved for use unless it has been inspected and found to be in compliance with all requirements of this Article and all applicable codes and ordinances.

CODING:    Words in ~~struck-through~~ type are deletion from
                    existing law;
                    Words in underscored type are additions

KLE:aw [920129.WM\ORD\Z-199] 4-8-97;4-17-97 DRAFT 002
KLE/djd[920129.wm\ord\z-199.rev\ 051997.1

C.    Exempt Signs.  The following signs may be erected or constructed without a permit.  However, such construction must be in accordance with the South Florida Building Code, Broward County edition:

1.    Official traffic signs or sign structures, or governmental information signs and provisional warning signs or sign structures, when erected or required to be erected by a governmental agency, and temporary signs indicating danger.

2.    Historical Markers approved by the City Council.

3.    Signs directing and guiding traffic on private property, providing the sign area is two (2) Square feet or less.

4.    Changing of the copy on a bulletin board, poster board, display encasement or marquee.

5.    The identification of a firm or its products on a stationary vehicle is permitted subject to the vehicle meeting the following conditions:

a.    The vehicle is not within 25 feet of the front property line or 15 feet of a side property line facing a street.  The vehicle shall be parked on private property which is paved.

b.    The vehicle is not stationary for more than 2 continuous hours during the normal working day.

c.    The vehicle is roadworthy, licensed and consistent with all state mandated motor vehicle statutes.

d.    The signs are permanently attached to the vehicle.

e.    No sign attached to a vehicle may be illuminated when said vehicle is parked.

D.    Pole Signs.  (detached, pylon and/or free-standing).

1.    Existing pole signs:  Signs which do not conform with the regulations listed below (Subsection D.4) shall be removed within ten (10) years of the date of adoption of this ordinance.

2.    Repair of pole sign:  The value of the repair of non-conforming pole signs shall not exceed twenty-five (25%) percent of the replacement cost of the sign as

CODING:    Words in ~~struck through~~ type are deletion from existing law;
Words in <u>underscored</u> type are additions

KLE:aw [920129.WM\ORD\Z-199] 4-8-97;4-17-97 DRAFT 002
KLE/djd[920129.wm\ord\z-199.rev\ 051997.1

determined by the Building Official. No more than 1 building permit shall be issued for the repair of a pole sign within a three (3) year period. Change of copy shall not be considered a repair, but the pole sign must either conform with this Ordinance or be removed pursuant to Subsection D.

3.    Pole signs associated with uses that primarily sell gasoline are listed in division 11-6.A.

4.    Pole sign regulations: New and existing pole signs shall conform with the following regulations:

## SEE    ATTACHED    SCHEDULE 1

5.    Monument sign regulations

## SEE    ATTACHED    SCHEDULE 2

E.    Signs located on the underside of awnings or canopies. Signs, not exceeding four (4) square feet in area with letters not exceeding six (6) inches in height, hanging from the underside of an awning or canopy with a minimum height clearance of 7 ft. 6 in. However, signs that are painted, stamped, perforated or stitched on the surface area of an awning, canopy or roller curtain are permitted only in commercial districts; the square footage of such signs shall not exceed 25% of the length of the awning or canopy and letters shall not exceed a height of 12 inches.

Signs permitted under this Subsection E are counted towards the maximum number of signs that are permitted on the site.

F.    Window signs. In addition to other permitted signs, one sign is permitted on one window or door with copy limited to the name of the commercial use and/or hours of operation with a maximum letter size of six (6) inches. The maximum area of the sign shall not exceed ten (10%) percent of the window area. However, when there are no other signs associated with the use, the main permitted sign may be located on the window with a size not to exceed twenty (20) square feet. Size limitations are for any sign located within ten (10) feet of the window. "Open and "Close" signs are permitted if they are non-illuminated and less than one (1) square foot.

Temporary signs placed in the windows of a commercial establishment shall not exceed ten (10%) percent of the window area.

CODING:    Words in struck through type are deletion from existing law;
Words in underscored type are additions

KLE:aw [920129.WM\ORD\Z-199] 4-8-97;4-17-97 DRAFT 002
KLE/djd[920129.wm\ord\z-199.rev\ 051997.1

G.    Colored fluorescent (neon) tubing or banding.    The Community Services Director may approve the use of banding or tubing on a building subject to the following conditions:

1.    It is more than 100 feet from a residential use.

2.    It is not used to border a window or any portion thereof.

3.    One band with up to three colors per building.

4.    It is used to emphasize architectural features of a building.

5.    See division F. above for window signs.

Applications which are not consistent with the above conditions may be considered by the Board of Adjustment as an appeal of an administrative decision.

H.    Setback requirements.

1.    Unless otherwise specified in this Article, all signs shall comply with the yard requirements of the zoning district in which they are located.

2.    No sign, portable or otherwise, is to be placed or located to conflict with the corner visibility requirements of Section 8-1 of the Zoning Ordinance of the City of Wilton Manors.

3.    Detached (pole/pylon, monument) signs.  The setback is measured from the portion of the sign that is located closest to a lot line.

I.    Legal Non-conforming uses.

1.    Permitted signs for a legal non-conforming use in a residential district shall consist of those signs permitted in the ROSC zoning district.

2.    Except as otherwise specifically provided in this section, all signs shall be subject to the provisions of  Article 13 of the Zoning Ordinance of the City of Wilton Manors "Non-Conforming Structures and Uses."

J.    Removal required.

1.    All signs shall be maintained in good condition and appearance.  Any persons responsible for the erection or maintenance of a sign which fails to comply with

CODING:    Words in ~~struck through~~ type are deletion from
existing law;
Words in underscored type are additions

Page 9 of 20

KLE:aw [920129.WM\ORD\Z-199] 4-8-97;4-17-97 DRAFT 002
KLE/djd[920129.wm\ord\z-199.rev\ 051997.1

this Article shall be subject to enforcement procedures as set forth in this Article. Supporting structures for non-conforming signs shall also be removed when the sign is removed unless said structure is supporting additional signage.

2.    Any sign previously associated with a vacated premises shall be removed from the premises by the owner or lessee within 30 days of the date the activity ceases to exist. In the case of non-conforming signs, supporting structures shall also be removed.

3.    The Community Services Director or his designee may initiate proceedings that result in the removal of any sign erected or maintained without a permit.

4.    In any zoning district where a sign does not comply with the provisions of this Article and has not received a building permit, such sign and any supporting structures other than a building shall be removed unless a building permit is issued in compliance with this Ordinance. Supporting structures for non-conformance signs shall be removed when the sign is removed.

5.    A non-conforming sign, which is damaged by any cause, such that the cost of repairing the sign equals 50% or more of the original value of the sign, shall be removed.

K.    All lights and lighting from a sign shall be designed and arranged so as not to cause direct glare onto another property, the eyes of passing motorists or pedestrians. Signs may only be illuminated by one of the following methods:

1.    By lights placed inside individual pan-channel letters with a translucent face;

2.    By "halo" lights placed behind individual reverse pan-channel letters; or

3.    By lights which are directed to shine directly on the sign.

L.    Should signage be removed due to a road widening, all replacement signage shall be in conformance with this Article.

M.    Signs placed in dedicated rights-of-way shall only be permitted upon the owner recording in the Circuit Court a covenant running with the land that states the owner will remove the sign at his cost should the right-of-way be needed for traffic improvements.

N.    Any pole sign that is not consistent with division 11-3.D.

O.    Box signs are only permitted if the sign is constructed as an integral part of the architectural design of the building in locations that were designed for a box sign.

CODING:    Words in struck-through type are deletion from
            existing law;
            Words in underscored type are additions

KLE:aw [920129.WM\ORD\Z-199] 4-8-97;4-17-97 DRAFT 002
KLE/djd[920129.wm\ord\z-199.rev\ 051997.1

Appeal of this decision is to the Board of Adjustment. Change of copy on existing signs is permitted. Repair of sign is permitted if the cost of the repair is 50% or less than the original value of the sign.

P.    Copy is limited to the name of the premises or use(s) of the property and generic words or symbols which describe products or services.

Q.    Credit Card Signs, Telephone Numbers, Addresses and Lottery Signage:

1.    Only one sign per credit card accepted per place of business may be installed. Installation is to be flush on the window or door.

2.    Telephone numbers are permitted as part of a single window sign. Lettering size is not to exceed 6 inches in height. Telephone numbers are prohibited on the building facade or awning.

3.    Lottery, lotto or other state regulated game signs are limited to one official decal not to exceed 20 square inches in size, installed flush on the window or door. All other lottery signs or posters are prohibited within sight from a public or private roadway and /or sidewalk.

4.    Building address numbers should be permitted in only one location on the facade, awning or window. The street name totally spelled out should not be permitted on the facade, awning or windows.

11-4.  PROHIBITED SIGNS AND SIGN DEVICES.

A.    No sign shall be constructed, erected, used, operated, or  maintained so as to display intermittent lights, to move or revolve.

B.    No sign shall be constructed, erected, used, operated or maintained which uses the word "Stop" or "Danger" or similar words that presents or implies the need or requirement for stopping, or the existence of danger, or which is a copy or imitation of an official sign. This provision regarding the words "Stop" and "Danger" does not apply when the words are a part of attraction titles for a broadcast motion picture, theater event, opera or concert, or when they are used in descriptive lines of advertising, so long as they are not used to imply any official traffic warning, either for vehicles or for pedestrians.

C.    No sign shall be constructed, erected, used, operated or maintained so as to provide a background of colored lights blending with the traffic signals to the extent of confusing a motorist when viewed from a normal approaching position of a vehicle at a distance of 25 to 300 feet.

CODING:    Words in ~~struck through~~ type are deletion from
existing law;
Words in <u>underscored</u> type are additions

KLE:aw [920129.WM\ORD\Z-199] 4-8-97;4-17-97 DRAFT 002
KLE/djd[920129.wm\ord\z-199.rev\ 051997.1

D.    No sign shall be attached or otherwise applied to trees, utility poles, bus benches, trash receptacles, or any other unapproved supporting structures; except as approved by the City or County Commission.

E.    No sign shall have spinning devices, or strings of spinning devices, or other similar devices.

F.    Signs which are not securely affixed to the ground, or otherwise affixed in a permanent manner to an approved supporting structure, shall be prohibited.

G.    The following signs are also prohibited:

1.    Animated signs or signs designed for changeable copy; the latter is permitted for theaters and institutional uses.

2.    Billboards.

3.    Rooftop signs.

4.    Off-premises sign.

5.    Swinging sign.

6.    Snipe signs.

7.    Movable, rotating signs.

8.    Sandwich or sidewalk signs.  Except as provided for in Section 11-5F.

9.    Banners, buntings, pennants and streamers, except as permitted by Section 11-5B Schedule 3 #5 and as allowed by the City Council.

10.    Flashing signs, running lights or electronic message boards

11.    Bare bulb signs.

12.    Abandoned signs.

13.    Signs which emit audible sounds, odors, or visible matter are prohibited.

14.    Box signs, except for those approved under Section 11-3.0.

CODING:    Words in ~~struck through~~ type are deletion from existing law;
Words in <u>underscored</u> type are additions

KLE:aw [920129.WM\ORD\Z-199] 4-8-97\4-17-97 DRAFT 002
KLE/djd[920129.wm\ord\z-199.rev\ 051997.1

15. Any sign which is of such intensity or brilliance as to cause glare or impair the vision of the driver of any motor vehicle.·

16. New pole signs are prohibited unless they are consistent with the regulations listed in Section 11-3.D and Section 11-6. Pole signs which are inconsistent are considered as non-conforming structures and must be removed according to the procedures set forth in Section 11-7.

17. Signs attached to trees or other vegetative landscaping material.

18. Signs having changeable copy, except signs for institutional uses.

H. Signs over public property.

1. No portion of any sign which extends over a public sidewalk or alley shall be less than 7.5 feet above such sidewalk or greater than 14 feet above such sidewalk or alley, measured vertically directly beneath the sign to grade. Except for marquis signs which may extend above the sidewalk to within 18 inches of the curb.

2. When a sign is found to be located on public property and without a Building Permit, the city shall have the right to remove said sign. The owner may recover the sign by paying the removal costs within 60 days of the removal. If the sign is not recovered by the owner within 60 days, then it shall be considered abandoned as permitted by law. The city shall recover all costs in conjunction with said removal of signs from the owner or the owner's property. Said recovery may be by way of personal action against the owner or a lien may be placed against any property of the owner located within the city.

11-5. TEMPORARY SIGNS.

Temporary Signs may be erected and maintained in accordance with the provisions of this Schedule 3 contained in Section 11-5.

A. General provisions.

1. Permit required. No person shall erect, construct, repair, alter or relocate any temporary sign, other than in the window of a commercial establishment, without first obtaining a permit from the Building Department unless otherwise stated in these regulations.

2. Illumination. Temporary signs shall not be illuminated except for temporary construction signs.

CODING: Words in ~~struck through~~ type are deletion from existing law;
Words in <u>underscored</u> type are additions

KLE:aw {920129.WM\ORD\Z-199] 4-8-97;4-17-97 DRAFT 002
KLE/djd[920129.wm\ord\z-199.rev\ 051997.1

3.    Copy shall be limited to the Uses permitted in the zoning district in which the property is located.

4.    No more than one temporary sign shall be permitted on each window.

5.    Temporary signs shall be prohibited on doors.

6.    All temporary signs which pertain to a time, event or purpose which is no longer imminent or pending shall be immediately removed.

B.    Schedule 3, Schedule of Requirements for Temporary Signs

## SEE ATTACHED SCHEDULE 3

C.    Temporary political signs.

1.    Scope.  Nothing in this section shall be deemed to regulate the erection and maintenance of permanent political signs.

2.    Structural requirements.

a.    Maximum area per sign: 32 square feet.

b.    Maximum height per sign:  15 feet.

c.    Total area of all signs on one property:  1 square feet per foot of street frontage, not to exceed 100 square feet per property.

d.    Maintenance:  All temporary political signs shall be constantly maintained in a state of security, safety and good repair.

3.    Removal.

a.    The Community Services Director shall order the removal of any temporary political sign not erected or maintained in accordance with this Article by giving written notice to the owner or lessee of the property and the person or organization erecting the sign, if the same be known, together with a statement of the reasons that the sign is in violation of this article.

b.    If no response is made to the notice of violation within 72 hours of its receipt, or within 72 hours of posting the notice of violation on the property, if personal

CODING:    Words in ~~struck through~~ type are deletion from existing law;
Words in underscored type are additions

Page 14 of 20

service of the notice cannot be made, the Community Services Director shall cause the sign to be removed.

4. Signs relating to elections. In addition to the foregoing, a temporary political sign referring to a candidate for public office, or a measure or issue on an election ballot, may be erected only if:

a. The person or organization erecting the sign has filed a written statement with the Community Services Director, guaranteeing the removal of the sign within 21 days after the election to which the sign pertains. The form shall also contain the location of the sign. A single form may be used for more than one sign erected by a person or organization at different locations.

b. The person or organization erecting the sign has filed with the Community Services Director a written statement, signed by the owner or lessee, stating that the owner or lessee of the property has given permission for the temporary political sign to be placed on his property.

5. Forms to be provided by the Community Services Director, Penalty.

a. All forms required by this article shall be provided by the Community Services Director at no charge.

b. Any person violating any provision of this article shall, upon conviction by a court of competent jurisdiction, be subject to a fine not to exceed $500, or imprisonment for a period not to exceed 60 days, or by both such fine and imprisonment.

D. Beacons, banners and balloon signs.

1. Permitted in Commercial and Industrial Manufacturing Districts.

2. Shall only be associated with grand openings and promotions.

3. Size: Banners and balloons not to exceed 250 sq. ft.

4. Fee per application: $50.

5. Maximum duration:

a. Grand openings: 14 consecutive days within 12 month period.

CODING:  Words in ~~struck-through~~ type are deletion from existing law;
Words in underscored type are additions

Page 15 of 20

b.    Special Promotions:  7 consecutive days, twice within 12 month period.

E.    Decoration and festoons of lights.

1.    Limited to 60 days, either consecutively or separably within a 12 month period.

2.    Limited to recognized holidays. Signs, which are associated with the holiday decorations and festoons,  shall directly relate to the symbols, graphics and colors that are commonly associated with the holiday.

F.    Menu stand sandwich or sidewalk signs are only permitted on the sidewalk in the Arts and Entertainment Overlay District upon the approval by the Community Services Director, whose decision shall be based upon the following design criteria.  Appeal of their decision is to the Board of Adjustment pursuant to the procedures set forth in this ordinance.

1.  Minimum sidewalk width:  5ft. of clear passageway free of signage tables and chairs must be maintained.

2.  Permitted Uses:  restaurant

3.  Maximum number signs:  1 per site

4.  Maximum area:  4 sq. feet per side

5.  Maximum height :  5 feet above sidewalk

6.  Location:  store entryway or immediately adjacent to the front of the business

7. All such signs shall be removed at the end of each business day and stored indoors.

8. These signs shall be limited to the name of a restaurant or retail art related sales, current list and prices of foods, food preparations or products available in that restaurant or retail art businesses.

9.   Sign letters shall not exceed 6 inches in height.

10.   The vertical angle of a freestanding sign shall not exceed 30 degrees.

CODING:    Words in ~~struck-through~~ type are deletion from existing law;
Words in <u>underscored</u> type are additions

11. Design Criteria: Signs should be artistic in nature use graphics, symbols or illustrations; designed to show the product or service being offered; materials and design should result in a light, tropical and artistic appearance.

11-5. SIGN REGULATIONS PER ZONING DISTRICT.

A.    General Provisions.

1. Accessory signs shall have copy limited to the Uses permitted in the zoning district in which the property is located.

2. Aggregate sign area shall include the principal and accessory signs.

3. All signs shall front on a street or waterfront unless as set forth in division 11-5.A.4 below.

4. Signs fronting on an alley are prohibited unless the alley abuts or is adjacent to a parking lot or garage, or where the alley provides a means of entrance to a business, the areas of the sign shall be the same as if the sign fronted on a street.

5. Logos, trademarks, insignias and similar emblems shall be considered as signs.

6. Community Services Director shall approve the following signs if consistent with the following criteria:

a. Signs on public right of way (requires Public Services Superintendent approval) for places or worship, public institutions and points of interest. Each name or insignia not to exceed 1 sq. ft. If there are multiple signs, the sign area is not to exceed 24 sq. ft.

b. Signs on private property relating to the name of a neighborhood, neighborhood civic association that is recognized by the City Clerk as representing a neighborhood in the city or subdivision; maximum size of 10 sq. ft. per street frontage.

7. Paper or metal signs attached to a wall or fence limited to 1 sq. ft. and 2 per property having copy such as but not limited to "No Trespassing" or "Beware of Dog."

8. Nothing in this article shall limit the posting of signs by a governmental agency with copy relating to legal notices, warnings, traffic or safety.

B.    Schedule 4 - Schedule of Sign Regulations

CODING:    Words in ~~struck through~~ type are deletion from existing law;
Words in <u>underscored</u> type are additions

KLE:aw [920129.WM\ORD\Z-199] 4-8-97;4-17-97 DRAFT 002
KLE/djd[920129.wm\ord\z-199.rev\ 051997.1

1

# SEE  ATTACHED  SCHEDULE 4

2    11-6.   Signs for Filling Stations and Artistic or Super Graphics.

3            A.    Signs for filling stations and any other use that sells gasoline shall be subject
4    to the following:

5

# SEE  ATTACHED  SCHEDULE 5

6    11-7.   NON-CONFORMING SIGNS

7            A. Except in the following instances, no nonconforming sign shall be altered in any
8    manner unless made to conform with all the provisions of this Article.

9            1. If the alteration is limited exclusively to repainting or restoration of an existing
10   sign with no increase in area and does not cost in excess of $300.00.

11           2. Pole signs.  See 11-3.D.

12           B.  All non-conforming signs shall be removed prior to the issuance of a building
13   permit for any new signage.

14           C.  Copy may be changed on any non-conforming sign consistent with 11-3.J.

15   11-8   COMPUTATIONS

16   The following principles shall control the computation of sign area and sign height.

17           A.    Computation of area of individual signs.

18   The area of a sign face, which is also the sign area of a wall sign or other sign with only
19   one face, shall be computed by means of the smallest square, circle, rectangle, triangle or
20   combination thereof that will encompass the extreme limits of the writing, representation,
21   emblem or other display, together with any material or color forming an integral part of
22   the background of the display or used to differentiate the sign from the backdrop or
23   structure against which it is placed, but not including any supporting framework, bracing,
24   or decorative fences or wall when such fence or wall otherwise meets zoning ordinance
25   regulations and is clearly incidental to the display itself.

CODING:    Words in ~~struck through~~ type are deletion from
           existing law;
           Words in underscored type are additions

Page 18 of 20

1      B.    Computation of area of multi-faced signs.

2      The sign area for a sign with more than one face shall be computed by adding together the
3      area of all sign faces visible from any one point. When two identical sign faces are placed
4      back to back, so that both faces can not be viewed from any point at the same time, and
5      which such sign faces are part of the same structure and are not more than 42 inches apart,
6      the sign area shall be computed by the measurement of one of the faces.

7      C.    Computation of height.

8      The height of a sign shall be computed as the distance from the base of the sign at normal
9      grade to the top of the highest attached component of the sign.

10     Normal grade shall be constructed to be the lower of (1) the newly established grade after
11     construction, exclusive of any filling, berming, mounding or excavating solely for the
12     purpose of locating the sign, or (2) the elevation of the nearest point of the crown of a
13     public street.

14     Section 3.  Conflicts.

15     All ordinances or parts of ordinances, resolutions or parts of resolutions in conflict

16     herewith be and the same are hereby repealed to the extent of such conflict.

17     Section 4.  Severability.

18     If any section, sentence, clause, or phrase of this ordinance is held to be invalid or

19     unconstitutional by any court of competent jurisdiction, then said holding shall in no way

20     affect the validity of the remaining portions of this ordinance.

21     Section 5.  Inclusion in Code.

22     It is the intention of the City Council of the City of Wilton Manors, Florida that the

23     provisions of this ordinance shall become and be made a part of the City of Wilton Manors

24     Code of Ordinances; and that the sections of this ordinance may be renumbered or

CODING:     Words in ~~struck through~~ type are deletion from
            existing law;
            Words in underscored type are additions

Page 19 of 20

1    relettered and the word "ordinance" may be changed to "section," "article," or such other

2    appropriate word or phrase in order to accomplish such intentions.

3          Section 6.  Effective Date.

4          This ordinance shall become effective immediately upon adoption by the City Council.

5    **PASSED AND ADOPTED BY THE CITY COUNCIL OF THE CITY OF WILTON**
6    **MANORS, FLORIDA, ON THE FIRST READING, THIS** *22* **DAY OF**
7    *April* **, 1997.**

8    **PASSED ADOPTED BY THE CITY COUNCIL OF THE CITY OF WILTON**
9    **MANORS, FLORIDA, ON THE SECOND AND FINAL READING, THIS** *27th* **DAY**
10   **OF** *May* **, 1997.**
11                                    CITY OF WILTON MANORS, FLORIDA

12                            By: _____
13                                 KING WILKINSON, MAYOR
14   ATTEST:

15   _____
16   ANGELA D. SCOTT, CMC/AAE
17   CITY CLERK
18
19   I HEREBY CERTIFY that I have approved
20   the form of this Ordinance.

21   _____
22   KERRY L. EZROL, CITY ATTORNEY

CODING:    Words in ~~struck through~~ type are deletion from
           existing law;
           Words in underscored type are additions

Page 20 of 20

## SCHEDULE 1

## POLE SIGN REGULATIONS

| Use | Location Criteria | Max. Sign Area (sq. ft.) | Max. Number Per Site | Max. Height | Setback | Special Conditions |
|---|---|---|---|---|---|---|
| Retail Shopping Center Office Apt. Bldg. Hotel/Motel Restaurant<br><br>Community Facility Government Uses | Meet any one of the below site criteria:<br><br>1. 300 ft. of frontage on 1 street<br><br>2. Occupies 50% or more of the block<br><br>3. If the wall of the bldg., on which a flat sign would be placed, cannot be seen by a vehicle 150 ft. from said wall. Line of site survey required to verify this criteria. | 128 sq.ft. aggregate<br><br>64 sq. ft. 1 side | 1 per street frontage regardless of the number of uses on site | 16 ft to top of sign.<br><br>If in corner line of site then 8 ft. clear ht. 14 ft. clear ht. if over a parking space or traffic lane. | 7ft. to leading edge of sign. | Outparcels: see Monument Regulations in Schedule 2<br><br>Copy limited to name of Use and address |

## SCHEDULE 2

## MONUMENT SIGN REGULATIONS

| Use | Maximum Sign Area | Maximum Number per site | Setback | Maximum Height | Special Conditions |
|---|---|---|---|---|---|
| Apt. Bldg., Hospital Hotel/Motel, Industrial Manufacturing, Office Projects, Outparcels in Retail Uses, Restaurant, Shopping Center, Government Uses<br><br>Any other similar use when approved by the Community Services Director | St. Frontage/Max Area:<br><br>Less than 100 ft. of frontage not permitted.<br><br>100<200 ft./24 sq. ft.*<br>200<300 ft./36 sq. ft.*<br><br>Each side of monument.<br><br>Above area is for single sided signs for double faced signs double the area of single faced sign.<br><br>Monument signs shall be perpendicular or angular to street rather than parallel to street. | 1 per street frontage regardless of the number of uses on site | 7ft. to leading edge of sign | 6 ft. no landscaping<br><br>8 ft. with landscaping | Box signs not permitted.<br><br>Area around sign to be illuminated for safety.<br><br>Copy limited to name of Use and address. |

## SCHEDULE 3.

## REQUIREMENTS FOR TEMPORARY SIGNS

| | Category | Number | Sign Area | Time Period | Special Conditions |
|---|---|---|---|---|---|
| 1. | Business Signs: identifying a particular activity, service, product or sale of limited duration. | Maximum of two permits for the same Premises within one calendar year. | Non-conforming business in a residential district: 4 sq.ft. <br><br> Non-residential: 15 sq. ft. | Temporary business Signs shall be erected and maintained for a period not to exceed 30 days. | Temporary business Signs shall be located only upon the Lot in which the special Use, activity, service, product, or sale is to occur. |
| 2. | Construction Signs: located on the construction Site identifying the parties involved in the construction and financing. Apartment Buildings may have a Sign with the name of the project and unit types. Commercial Building may have copy indicating the name of the project and tenants. Artistic murals ornamental Signs are permitted. Sign copy with prices is prohibited. | There shall be a maximum of one Sign per Street frontage. <br><br> Maximum height shall be 14 feet. <br><br> With the exception of construction signs located at single-family dwellings, a bond shall be posted to provide for the removal of temporary construction signs. | Single-family: 8 sq. ft. <br><br> All other Districts: 1 sq. ft. per linear foot of Street frontage not to exceed 50 sq.ft. However, the area contained in renderings, decorative or artistic signs is not included in the Sign area calculation. | Temporary Construction Signs may be erected and maintained for a period beginning with the issuance of a Building Permit for the temporary sign and removed prior to the issuance of a Certificate of Occupancy. | The amount of the bond shall be set at $200. All Signs having letters and numbers shall be reviewed and if appropriate approved by the Community Services Director, or his designee. Those signs decorative or artistic designs shall be reviewed by the Design Review Board. |
| 3. | Real Estate Signs/Single-Family Residential: Advertising the sale, lease or rent of the Premises upon which such Sign is located, Sign copy with prices is prohibited. | There shall be a maximum of one Sign permitted per property except for waterfront property where a second sign is permitted facing the water. <br><br> Max. of three Strip Signs to be attached directly below primary sign and the "Open House" type sign is allowed only while the owner or agent is on the premises. Sign may be double faced provided information is identical. | Primary Sign shall be 4 sq.ft.; Strip Sign 6 inches by 30 inches maximum; "Open House" type Sign 22 inches by 16 inches. | Temporary Real Estate Signs shall be removed within seven days of the sale or lease of the Premises upon which the Sign is located | Detached Signs shall have a setback of 10 feet if Lot is vacant, 3 feet if Lot has improvements. Sign may be placed on structure or wall if structure or wall is less than 3 feet form property line. Height shall not exceed five (5) feet. <br><br> Only the following information and no other information may appear on the Sign: <br><br> (1) "For Sale", "For Lease", or "For Rent", or combination thereof. <br><br> (2) The name of the Real Estate Broker or Realtor as registered with the Florida Real Estate Commission, the name of the owner or the words "By Owner". <br><br> (3) A designation following such name as being either a Realtor, Broker, or Owner in lettering not exceed 4 in. in ht. <br><br> (4) The telephone number of said Realtor, Broker or Owner. <br><br> (5) The words by Appointment Only; Waterfront: Pool. <br><br> Iridescent & Illuminated signs are prohibited. No signs are permitted on public property. |

| | Category | Number | Sign Area | Time Period | Special Conditions |
|---|---|---|---|---|---|
| 4. | Real Estate Signs/Multi-Family, Commercial, Industrial, Vacant Land (other than residential): Advertising the sale, lease or rent of the Premises upon which such Sign is located. Sign copy with prices is prohibited. | Number shall be a maximum of one sign permitted per street frontage. | Multi-family not to exceed 2 feet by 3 feet; Commercial/Industrial not to exceed 3 feet by 4 feet; Vacant Land (except residential) not to exceed 4 feet by 6 feet. | Temporary Real Estate Signs shall be removed within seven days of the sale or lease of the Premises upon which the Sign is located. | Real Estate Sign on windows of Apartment in Multi-family Buildings or individual offices - 2 sq.ft. <br><br> Detached Signs shall have a setback of 10 feet if Lot is vacant, 3 feet if Lot has improvements. Sign may be placed on structure or wall if structure or wall is less than 3 feet from property line. Height shall not exceed seven. <br><br> Only the information permitted on Residential Real Estate Signs plus the following information may appear: <br><br> (1) Zoning information <br><br> (2) Size of property and/or Building. <br><br> (3) Permitted Use of Property. |
| 5. | Banners and balloon Signs: Hot or cold air balloons or other gas filled figures or similar type Signs. | Maximum of one beacon, banner or balloon Sign per structure. | N/A | See number C. below. | Temporary signs may be erected, only on a temporary permit basis as approved by the Community Services Director with a Bldg. Permit. A performance bond in an amount necessary in order to insure its removal, but not less than $500 is required. Maximum height is 35 ft., 1500 ft. from another balloon sign; area not to exceed 250 sq. ft. See number C for additional regulations. |

# SCHEDULE 4

PRINCIPAL USE OF SIGNS

| | Zoning District | Number | Awning/Marquee | Flat | Projecting | Detached Pole/Pylon or Monument | Accessory Signs | Special Conditions |
|---|---|---|---|---|---|---|---|---|
| 1. | Single-family and duplex districts and uses: RS6-RD12 PUD (if single-family) PD (if single-family) | One sign per street frontage that has copy limited to the name of the building. | Not Permitted | Residential Use: 6 in. letters | Not permitted | Not permitted | Not permitted | None |
| 2. | Multiple-family, apts. and hotels in these districts: RM12 RM15 RM20 Community facility PUD or PD (if multi-family) | No more than one sign identifying the main permitted uses for each street frontage. Unless otherwise listed in Section A above, all signs must front on a street. | 15 sq. feet | One per street frontage; 20 sq. ft. max. | 15 sq.ft. | Max area 15 sq. ft. not to exceed 4 ft. above grade. | One sign for no more than two Accessory Uses. Area of each sign shall not exceed 1 sq. ft. per linear foot of frontage not to exceed 20 square feet. | The height of letters shall not exceed 1 ft. on a marquee or awning sign; max. size for schools is 30 sq. ft. Signs shall not have copy indicating prices. |
| 3. | ROSC ROSCII | One sign per street frontage identifying the use and one sign limited to name of building. | Not permitted. | Nine inch letters 9 sq. ft. area | Not permitted | Monument 3 ft. ht. above grade area 9 sq. ft. | Window or door hours of operation open/closed | Approval by P&Z Board |
| 4. | Commercial Districts: B-1 B-2 B-3 PDD PUD | One sign per street frontage for each principal and accessory use permitted. | Awning: See 8.2 E Marquee: 175 sq. ft. only allowed in Commercial Districts | See 7, below | 15 sq.ft. | Not permitted except as allowed in 8.2D Filling stations see 8.6A When permitted, See 8.2D | One for each accessory use; area of each sign shall not exceed 1 sq. ft. per linear foot of frontage not to exceed 10 sq. ft. | Establishments with corner (facing street) locations may have signage on each side. Signs located on parapet of multi-story buildings; max 3 ft. ltrs.; 1 sign per side of building. Signs not allowed on sides of building above 1st floor except for those on parapet. |
| 5. | Government Uses | Shall follow the sign regulations in adjacent districts as determined by the Community Services Director. | | | | | | |

| Zoning District | Number | Awning/Marquee | Flat | Projecting | Detached Pole/Pylon or Monument | Accessory Signs | Special Conditions |
|---|---|---|---|---|---|---|---|
| 6. Flat Signs** | Max. Size Letters | Distance from lot line (facing street) | Sign Area | | | | |
| | 24 in. | less than 100 feet | 25 sq.ft. | | | | |
| | 30 in. | 100 to 200 feet | 30 sq.ft. | | | | |
| | 36 in. | 200 ft. but less than 300 ft. | 35 sq.ft. | | | | |
| | 42 in. | 300 ft. or more | 45 sq.ft. | | | | |

** A curvilinear building located at the intersection of two streets may be permitted to have a sign conforming to the contour of the building in lieu of having one primary sign on the front elevation and one secondary sign on the side street elevation. When combining the primary and secondary signs into one sign, the maximum are of the sign is increased by 100% and the maximum size of the letters is increased by 2

# SCHEDULE 5

| | Type of Sign | Number | Sign Area | Aggregate Area | Special Conditions |
|---|---|---|---|---|---|
| 1. | Canopy signs | Total of one sign per street frontage | 40 sq.ft. max. | 80 sq.ft. max. | None |
| 2. | Flat wall signs | Total of one sign per street frontage | 40 sq.ft. max. | 80 sq.ft. max. | None |
| 3. | Detached pole/pylon signs | one fixed sign per site | 20 sq.ft. max. | 40 sq.ft. max. | Height shall not exceed 16 ft. to top of sign |
| 4. | Accessory Bldg. (car wash, food/office, etc.) | Total of one sign per street frontage | 10 sq.ft. max. | 20 sq. ft. max. | None |
| 5. | Service Bay Identification: Providing direction or instructions by containing no advertising | One sign per service bay located on premises. | 5 sq. ft. max. | 15 sq.ft. max. | The info. displayed by service by identification sign shall be in compliance with 8A-7, 10 of the City Code. |
| 6. | Service Island Identification: Indicating type of service offered, prices of gasoline and other relevant information or containing no advertising material. | One sign per service island located on premises. | 5 sq. ft. max. | 10.sq.ft. max. | Information displayed by a service island identification sign shall be in compliance with 8A-7, 10 of the City Code. |
| 7. | Signs having copy indicating the sale of products. | No more than one sign per window. | | | Height of letters shall not exceed two inches. |

KLE:av 4-7-97 DRAFT 1 (929129 a:u\agmt\sign2.code)

# CIVIL COVER SHEET

The JS–44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

STREET INFORMATION SYSTEMS, INC.

00 FEB -4 PM 12: 08

CLAREHCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA - FT LAUD

## DEFENDANTS

CITY OF WILTON MANORS

**00-6186**
**CIV - FERGUSON**

**MAGISTRATE JUDGE SNOW**

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _Broward_
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _Broward_
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Gary R. Rutledge
Rutledge, Ecenia et al.
215 S. Monroe St., Ste 420
Tallahassee, FL 32301
(850) 681-6788

Myron D. Cohen
Hunton & Williams
200 Park Ave.
New York, NY 10166
(212) 309-1000

ATTORNEYS (IF KNOWN)

Kerry L. Ezrol, City Attorney
City of Wilton Manors
524 Northeast 21st Court
Wilton Manors, FL    33305

## II. BASIS OF JURISDICTION     (PLACE AN "X" IN ONE BOX ONLY)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)     AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN     (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT     (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS |  | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability |  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☒ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other |  | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property |  | ☐ 550 Civil Rights |  |  |  |
|  |  | ☐ 555 Prison Condition |  |  |  |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Federal question: constitutionality of municipal ordinance restricting speech.

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ YES   ☒ NO

## VIII. RELATED CASE(S) IF ANY (See Instructions):

JUDGE  Ungaro Benages    DOCKET NUMBER  00-6169

DATE  2-3-00

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # 518494    AMOUNT $150.00    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____