UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6186-CIV-~~FERGUSON~~/Snow Ungaro-Benage

STREET INFORMATION SYSTEMS, INC.,

    Plaintiff,

vs.

CITY OF WILTON MANORS,

    Defendant.

_____/

## **DEFENDANT, CITY OF WILTON MANORS', ANSWER AND DEFENSES**

The Defendant, CITY OF WILTON MANORS, by and through its undersigned attorneys files its Answer and Defenses to Plaintiff's Complaint and states as follows:

1.    It is admitted that the action seeks declaratory and injunctive relief, but it is denied that the Complaint states a claim upon which relief can be granted and it is further denied that Plaintiff is entitled to any relief. All remaining allegations contained in Paragraph 1 are denied.

2.    As to the allegations contained in Paragraph 2, it is admitted that the Court has subject matter jurisdiction of claimed violations of federal statutory law, but it is denied that the Complaint states a federal claim upon which relief can be granted and it is further denied that Plaintiff is entitled to any relief. All remaining allegations contained in Paragraph 2 are denied.

3.    With respect to Paragraph 3, it is admitted that venue is proper in that the Defendant, City of Wilton Manors, is a municipality located within the Southern District of Florida. All remaining allegations contained in Paragraph 3 are denied.

CASE NO. 00-6186-CIV-FERGUSON/Snow
Street Information Systems vs. City of Wilton Manors

4. The Defendant is without sufficient knowledge at this time to specifically admit or deny the allegations contained in Paragraph 4 and therefore denies same and demands strict proof thereof.

5. The allegations contained in Paragraph 5 are admitted.

6. The allegations contained in Paragraph 6 are denied.

7. The Defendant is without sufficient knowledge at this time to specifically admit or deny the allegations contained in Paragraph 7 and therefore denies same and demands strict proof thereof.

8. The Defendant is without sufficient knowledge at this time to specifically admit or deny the allegations contained in Paragraph 8 and therefore denies same and demands strict proof thereof.

9. The Defendant is without sufficient knowledge at this time to specifically admit or deny the allegations contained in Paragraph 9 and therefore denies same and demands strict proof thereof.

10. The Defendant is without sufficient knowledge at this time to specifically admit or deny the allegations contained in Paragraph 10 and therefore denies same and demands strict proof thereof.

11. As to the allegations contained in Paragraph 11, it is admitted that Exhibit A is a true and correct copy of Ordinance No. Z-199 as adopted on May 27, 1997. All remaining allegations

CASE NO. 00-6186-CIV-FERGUSON/Snow
Street Information Systems vs. City of Wilton Manors

contained in Paragraph 11 are denied. It is specifically denied that Exhibit A reflects the City of Wilton Manors' current sign regulations or that Exhibit A was in effect in its entirety at any time material to this action.

12. It is admitted that on or about July 8, 1999 six applications for sign permits for advertising billboards were submitted by Weatherington Builders to the City of Wilton Manors. All remaining allegations contained in Paragraph 12 are denied.

13. It is admitted that the six sign permit applications submitted by Weatherington Builders, apparently on behalf of Plaintiff, SIS, were denied. However, it is denied that the sole basis for the denial of the sign permit applications was on the basis that the Ordinance prohibits billboards and instead, is further asserted that the sign permit applications failed to comply with other requirements of the City sign regulations pertaining to the size, location, height, area and set back requirements for signage.

14. It is admitted that the City's sign regulations permit permanent outdoor signage subject to various requirements. All remaining allegations contained in Paragraph 14 are denied.

15. The allegations contained in Paragraph 15 are denied.

16. The allegations contained in Paragraph 16 are denied.

17. The allegations contained in Paragraph 17 are denied.

18. The allegations contained in Paragraph 18 are denied.

19. The allegations contained in Paragraph 19 are denied.

CASE NO. 00-6186-CIV-FERGUSON/Snow
Street Information Systems vs. City of Wilton Manors

20. The allegations contained in Paragraph 20 are denied.

21. The allegations contained in Paragraph 21 are denied.

22. The allegations contained in Paragraph 22 are denied.

23. The allegations contained in Paragraph 23 are denied.

24. The allegations contained in Paragraph 24 are denied.

25. The allegations contained in Paragraph 25 are denied.

26. The allegations contained in Paragraph 26 are denied.

27. The allegations contained in Paragraph 27 are denied.

28. The allegations contained in Paragraph 28 are denied.

29. The allegations contained in Paragraph 29 are denied.

30. The allegations contained in Paragraph 30 are denied.

31. The allegations contained in Paragraph 31 are denied.

32. The allegations contained in Paragraph 32 are denied.

33. Each and every allegation of the Complaint is denied unless specifically admitted hereinabove.

34. The Complaint fails to state a federal claim upon which relief can be granted and, as a result, should be dismissed.

CASE NO. 00-6186-CIV-FERGUSON/Snow
Street Information Systems vs. City of Wilton Manors

35. The City of Wilton Manors' sign regulations have been amended subsequent to the May 27, 1997 Ordinance attached to the Complaint as Exhibit A. As a result, all or some of Plaintiff's claims are moot or fail to give rise to an actual or judiciable controversy.

36. The Plaintiff lacks standing to assert all or some of the claims brought in this action.

37. The Plaintiff has failed to pursue and exhaust available administrative remedies concerning the application of the City of Wilton Manors' sign regulations to the sign permit applications. As a result, to the extent Plaintiff asserts an as applied challenge, Plaintiff has failed to obtain a final decision concerning the application of the City's sign regulations to the subject permit applications and Plaintiff's action is therefore, premature or fails to give rise to a judiciable controversy in federal court.

38. To the extent any portion of the City of Wilton Manors' sign regulations which existed at the time of the subject applications or currently is determined to be invalid, the remaining regulations are severable and valid.

39. The Defendant, City of Wilton Manors, has retained the undersigned attorneys to defend this action and is entitled to recover its costs, including reasonable attorneys' fees, incurred in the defense of this action.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via U.S. Mail to **GARY R. RUTLEDGE, ESQUIRE**, Rutledge, Ecenia, Purnell & Hoffman, Attorneys for Plaintiff, 215 So. Monroe Street, Ste. 420, Tallahassee, FL 32301-1841, and **MYRON D.**

CASE NO. 00-6186-CIV-FERGUSON/Snow
Street Information Systems vs. City of Wilton Manors

**COHEN, ESQUIRE**, Hunton & Williams, Co-Counsel for Plaintiff, 200 Park Avenue, NY, NY 10166-0136, this 29 day of February, 2000.

> JOHNSON, ANSELMO, MURDOCH, BURKE & GEORGE
> **Attorneys for City of Wilton Manors**
> 790 East Broward Boulevard, Suite 400
> Post Office Box 030220
> Fort Lauderdale, Florida 33303-0220
> Facsimile:   954/463-2444
> Telephone:  954/463-0100 Broward
>                     305/945-2000 Dade
>                     561/640-7448 WPB
>
> BY: _____
>        MICHAEL T. BURKE
>        Florida Bar No. 338771

#20035MTB/lt