**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

CASE NO. 00-6186-CIV-UNGARO-BENAGES

STREET INFORMATION SYSTEMS,
INC.,

      Plaintiff,

vs.

CITY OF WILTON MANORS,

      Defendant.

_____/

**JOINT SCHEDULING AND STATUS REPORT**
**AND PROPOSED SCHEDULING ORDER**

The undersigned counsel for Plaintiff, Street Information Systems, Inc. ("SIS"), and

Defendant, the City of Wilton Manors ("the City"), submit this Joint Scheduling and Status Report

and proposed Scheduling Order pursuant to S.D. Fla. L.R. 16.1 and the Order Setting Initial Planning

and Scheduling Conference entered on March 7, 2000 in this action.

      1.    **Nature of Claim:** This is an action for declaratory and injunctive relief and attorney's

fees challenging the constitutionality of the sign ordinance enacted by the City of Wilton Manors

in 1997, Ordinance No. Z-199, codified as City of Wilton Manors Code of Ordinances, Appendix

A, Article 11 (1997).

      2.    **Summary of Uncontested Facts:** The parties intend to present the case for decision

by the Court on cross-motions for summary judgment based on stipulated facts. In briefest summary

for the purpose of this Joint Scheduling and Status Report, the following facts are uncontested:

Ordinance No. Z-199 was enacted by the City on May 27, 1997. On July 8, 1999, SIS submitted applications for six permits to construct outdoor advertising off-premise signs within the City. On August 10, 1999, the City notified SIS that the six applications had all been denied on the basis that the City's sign ordinance prohibited such signs.

3.     **Summary of Issues:**

(a)     In authorizing permanent on-premise commercial signage while prohibiting off-premise non-commercial signage, with certain exceptions, does the City's sign ordinance violate the First and Fourteenth Amendments to the United States Constitution?

(b)     In authorizing some but not all non-commercial messages, does the City's sign ordinance violate the First and Fourteenth Amendments to the United States Constitution?

(c)     In distinguishing between on-premise and off-premise commercial advertising based on the City's asserted interests in traffic safety and aesthetic appearance, does the City's sign ordinance violate the First and Fourteenth Amendments to the United States Constitution?

(d)     In treating commercial signs more favorably than political signs, in treating political signs in different ways depending on their content, and in granting discretion to City officials in the interpretation and enforcement of the City's regulations concerning political signs, does the City's sign ordinance violate the First and Fourteenth Amendments to the United States Constitution?

(e)     Whether any distinctions made in the City's sign regulations between on-premise and off-premises signage can be equated to as distinctions between commercial and noncommercial messages?

(f)     Whether the City's sign regulations treat commercial signs more favorably than political signs and whether the City's sign regulations treat political signs differently based on their

content?

(g)    Whether the Complaint fails to state a federal claim upon which relief can be granted?

(h)    Whether any amendments to the City's sign regulations deems some or all of Plaintiff's claims as moot or failing to give rise to an actual or judiciable controversy?

(i)    Whether Plaintiff lacks standing to assert some or all of the claims brought in this action?

(j)    Whether Plaintiff has failed to pursue and exhaust administrative remedies concerning the application of the City's sign regulations to Plaintiff's sign permit applications, thereby failing to obtain a final decision regarding said permits?

(k)    Whether Plaintiff's failure to obtain a final decision regarding the sign permit application acts to bar any as-applied challenge by Plaintiff as premature or failing to give rise to a judiciable controversy in federal court?

(l)    Whether any invalid portions of the City's sign regulation are severable from the regulation as a whole?

4.    **Discovery:** The parties do not propose that discovery should be conducted in phases or that discovery should be limited to particular issues.

5.    **Discovery Schedule:**

| Date | Action |
| --- | --- |
| By May 1, 2000 | SIS and the City shall serve their first requests for production of documents and first sets of Rule 26.1.G interrogatories. |
| By June 1, 2000 | SIS and the City shall serve their responses to the first requests for production of documents and first sets of Rule 26.1.G interrogatories. |

3

| By June 15, 2000 | SIS and the City shall serve any further requests for production of documents and sets of interrogatories. |
| By July 15, 2000 | SIS and the City shall serve their responses to the further requests for production of documents and sets of interrogatories, if any. |
| By August 2, 2000 | The City may take the deposition of SIS witness Daniel L. Hardin. |

6.    **Proposed Deadlines:**

| May 5, 2000 | Joinder of other parties |
| June 15, 2000 | Amendment of pleadings |
| August 2, 2000 | Discovery cutoff |
| September 1, 2000 | File dispositive motions |

7.    **Proposed Dates:**

| After December 1, 2000* | Final pre-trial conference |
| After December 15, 2000* | Trial |

*Subject to the Court having ruled on the parties' intended cross-motions for summary judgment.

8.    **Trial:** As stated above, the parties intend to present the case for decision by the Court on cross-motions for summary judgment based on stipulated facts. If trial is required, non-jury trial is requested and the parties estimate that the time necessary for trial is one day.

9.    **Pending Motions:**    None.

10.    **Unique Aspects of Case:**    None.

11.    **Need for Reference:** The parties do not expect that there will be any need for reference to a special master or magistrate.

12.    **Settlement:** The parties are discussing settlement, and will advise the Court promptly if settlement is reached.

4

13.    **Other Matters:** Pursuant to S.D. Fla. L.R. 16.1, the parties recommend that this case be assigned to an expedited case management track.

14.    **Documents and Exhibits:** Lists of documents and exhibits which the parties may use at trial are attached to this Joint Scheduling and Status Report.

15.    **Witnesses:** Lists of witnesses who the parties may call at trial are attached to this Joint Scheduling and Status Report.

Respectfully submitted,

Dated this 24th day of April, 2000.

GARY R. RUTLEDGE
Rutledge, Ecenia, Purnell & Hoffman, P.A.
Florida Bar No. 222674
P. O. Box 551
Tallahassee, FL 32302
(850) 681-6788 (Telephone)
(850) 681-6515 (Telecopier)

and

MYRON D. COHEN
Hunton & Williams
200 Park Avenue
New York, New York 10166
(212) 309-1000 (Telephone)
(212) 309-1100 (Telecopier)

Attorneys for Plaintiff,
STREET INFORMATION SYSTEMS, INC.

Dated this 25th day of April, 2000.

MICHAEL T. BURKE
Florida Bar No. 338771
Johnson, Anselmo, Murdoch, Burke
    & George
790 East Broward Boulevard, Suite 400
P. O. Box 030220
Fort Lauderdale, FL 33303-0220
(954) 463-1000 (Telephone)
(954-463-2444 (Telecopier)

Attorneys for Defendant,
CITY OF WILTON MANORS

JEllis/street.status