UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6186-CIV-UNGARO-BENAGES

WILTON MANORS STREET SYSTEMS, INC.

    Plaintiff,

vs.

CITY OF WILTON MANORS,

    Defendant.
_____/

**NIGHT BOX RECEIVED
AUG 25 2000
CLARENCE MADDOX
CLERK, USDC / SDFL / MIA**

### DEFENDANT, CITY OF WILTON MANORS', MOTION FOR SUMMARY JUDGMENT

The Defendant, CITY OF WILTON MANORS ("CITY"), by and through its undersigned attorneys and pursuant to Rule 56 of the Federal Rules of Civil Procedure, requests that the Court enter Summary Judgment in favor of the Defendant, CITY, and against Plaintiff, WILTON MANORS STREET SYSTEMS, INC. ("WMSS" or "Plaintiff") and as grounds therefore states as follows:

1. The pleadings, depositions, answers to interrogatories, admissions and documents on file demonstrate that there is no genuine issue as to any material fact and that the Defendant, CITY, is entitled to judgment as a matter of law.

2. On May 27, 1997, CITY adopted Ordinance No: Z-199 and it was amended on February 10, 1998, by Ordinance No: Z-205 (the "1997 Sign Code").

1

3. In July 1999, WMSS submitted six (6) applications to the CITY for permits to construct billboards at various leased locations throughout Wilton Manors. Each of the applications sought to erect billboard structures which, at the top, would have a dual sided sign with approximately 672 square feet of area per side and were to be between 50 and 75 feet in height.

4. The CITY denied these applications because the proposed billboards would be in direct violation of the 1997 Sign Code which directed certain height, space and frontage requirements.

5. On or about January 25, 2000, CITY passed and adopted Ordinance No: Z-212 (the "2000 Sign Code") on its first reading and again on February 8, 2000, on its second reading. The 2000 Sign Code amended the 1997 Sign Code.

6. On or about February 4, 2000, Plaintiff filed its Complaint and thereafter filed an Amended Complaint which seeks declaratory and injunctive relief based on the assertions that CITY'S 1997 Sign Code violates the First and Fourteenth Amendments on the following grounds:

a. the 1997 Sign Code impermissibly distinguishes between on-premise and off-premise signage solely by a subjective examination of the content of the wording of each sign" (Amended Complaint, para. 14-17);

b. the 1997 Sign Code impermissibly favors commercial on-premise advertising over both on-premise and off-premise non-commercial advertising(Amended Complaint, para. 14-17).

    c.    the 1997 Sign Code impermissibly permits unbridled government discretion in determining whether a sign is an appropriate commercial, as opposed to a non-commercial sign, (Amended Complaint, para. 28-29); and

    d.    the 1997 Sign Code impermissibly favors certain forms of commercial and political speech over others (Amended Complaint, para. 26-27).

7.    Plaintiff's Amended Complaint does not challenge the validity of the 2000 Sign Code, nor has Plaintiff moved to amend to assert any claims based upon the 2000 Sign Code. Instead, Plaintiff requests that the Court enter a judgment declaring the 1997 Sign Code invalid in its entirety and further requests that the Court enter injunctive or other relief to compel the CITY to approve Plaintiff's previously filed sign permit applications.

8.    The Defendant, CITY, is entitled to judgment as a matter of law for the following reasons:

    a.    Plaintiff's claims for declaratory and injunctive relief related to the 1997 Sign Code are moot and fail to present a justiciable controversy. The CITY's enactment of the 2000 Sign Code repeals or otherwise remedies the challenged portions of the 1997 Sign Code and there is no reasonable expectation that the CITY will reinstate the challenged features of the 1997 Code.

    b.    To the extent any federal justiciable issue remains concerning the denial of Plaintiff's sign permit applications pursuant to the 1997 Code, the record affirmatively establishes that the applications sought to erect outdoor advertising structures which

CASE NO. 00-6186-CIV-UNGARO-BENAGES
Wilton Manors Street Systems, Inc. vs. City of Wilton Manors

    violated the size, height and frontage requirements of the 1997 Sign Code. These content neutral size, height and frontage limitations imposed by the 1997 Sign Code are clearly valid and are severable from any of the challenged portions of the 1997 Code.

c.     Although not challenged by the Plaintiff, the 2000 Sign Code is not violative of the First or Fourteenth Amendment to the United States Constitution, does not favor commercial over non-commercial speech and sets forth a valid regulatory scheme for the erection of outdoor advertising structures and signage.

WHEREFORE, Defendant, CITY OF WILTON MANORS, requests that the Court enter Final Summary Judgment in favor of said Defendant in accordance with the reasons and authorities more fully set forth in the Defendant, CITY's, supporting Memorandum of Law.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via U.S. Mail to **GARY R. RUTLEDGE, ESQUIRE**, Rutledge, Ecenia, Purnell & Hoffman, Attorneys for Plaintiff, 215 So. Monroe Street, Ste. 420, Tallahassee, FL 32301-1841, and **MYRON D.**

CASE NO. 00-6186-CIV-UNGARO-BENAGES
Wilton Manors Street Systems, Inc. vs. City of Wilton Manors

**COHEN, ESQUIRE**, Hunton & Williams, Co-Counsel for Plaintiff, 200 Park Avenue, New York, NY 10166-0136, this 25th day of August, 2000.

JOHNSON, ANSELMO, MURDOCH, BURKE & GEORGE
**Attorneys for City of Wilton Manors**
790 East Broward Boulevard, Suite 400
Post Office Box 030220
Fort Lauderdale, Florida 33303-0220
Facsimile:   954/463-2444
Telephone:   954/463-0100 Broward
             305/945-2000 Dade
             561/640-7448 WPB

BY: _____
MICHAEL T. BURKE
Florida Bar No. 338771
WILLIAM H. BEAVER
Florida Bar No. 869007

5