UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6186-CIV-UNGARO-BENAGES

NIGHT BOX
FILED

..JC 3 0 2000

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

WILTON MANORS STREET SYSTEMS, INC.,

    Plaintiff,

vs.

CITY OF WILTON MANORS,

    Defendant.
_____/

**DEFENDANT, CITY OF WILTON MANORS'**
**NOTICE OF FILING**

Defendant, CITY OF WILTON MANORS ("CITY"), by and through its undersigned attorneys, hereby notifies the Court and all parties of the filing of a copy of the Court's Order in Revolution Outdoor Advertising, Inc. v. City of Casselberry, No. 98-cv-1344-ORL-18C (M.D. Fla. 2000), in support of City's Memorandum of Law in Support of Motion for Summary Judgment which was filed on August 25, 2000.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via U.S. Mail to **GARY R. RUTLEDGE, ESQUIRE**, Rutledge, Ecenia, Purnell & Hoffman, Attorneys for Plaintiff, 215 So. Monroe Street, Ste. 420, Tallahassee, FL 32301-1841, and **MYRON D. COHEN, ESQUIRE**, Hunton & Williams, Co-Counsel for Plaintiff, 200 Park

1



CASE NO. 00-6186-CIV-UNGARO-BENAGES
Wilton Manors Street Systems vs. City of Wilton Manors

Avenue, New York, NY 10166-0136, this 30th day of August, 2000.

    JOHNSON, ANSELMO, MURDOCH, BURKE & GEORGE
    **Attorneys for City of Wilton Manors**
    790 East Broward Boulevard, Suite 400
    Post Office Box 030220
    Fort Lauderdale, Florida 33303-0220
    Facsimile:   954/463-2444
    Telephone:  954/463-0100 Broward
                  305/945-2000 Dade
                  561/640-7448 WPB

    BY: _____/s/ William Beaver_____
        MICHAEL T. BURKE
          Florida Bar No. 338771
        WILLIAM H. BEAVER
          Florida Bar No. 869007

#20035MTB

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

REVOLUTION OUTDOOR  CIVIL ACTION NO.: 6:98-cv-1344-ORL-18C
ADVERTISING, INC.,

    Plaintiff,

vs.

CITY OF CASSELBERRY,

    Defendant.
_____/

## ORDER

Plaintiff is an outdoor advertising company that proposes to erect fourteen (14) "off premise" billboards on various parcels throughout the City of Casselberry. "Off premise" billboards advertise goods and/or services not available on the sign situs and have been consistently prohibited under Defendant's former (enacted 1992) and current (amended 1999) sign ordinances. Defendant rejected Plaintiff's sign permit applications because, under its 1992 Ordinance, such "off premise" signs were absolutely prohibited and because the billboards would exceed the per parcel size, height and number restrictions.[1] Plaintiff did not appeal any of the rejections. Before

---

[1] Defendant's 1992 Ordinance was in place when the permit applications were filed in the name of Plaintiff's wholly owned subsidiary, Parsons Development Company, Inc., a non-party to this action. To date, Parsons has not assigned any rights it may have under the rejected permits to Plaintiff. (Doc. 27, Exhibit A at ¶¶ 5 and 7.)

1

this lawsuit was filed, Defendant voluntarily placed a moratorium on its 1992 Ordinance and initiated a constitutional review. Shortly after this lawsuit was filed, Defendant completed its review and amended its 1992 Ordinance to remove potential constitutional infirmities. Defendant now moves for summary judgment on the ground that its sign ordinance amendments render this action moot. The Court agrees.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff challenges Defendant's 1992 Ordinance as being facially repugnant to the First and Fourteenth Amendments to the United States Constitution. In sum, Plaintiff alleges that the ordinance impermissibly: 1) favors "on premise" commercial advertising over "off premise" commercial and non-commercial advertising; 2) favors certain forms of noncommercial speech over others; and 3) vests Defendant with unbridled discretion to regulate speech based upon its content. According to Plaintiff, ordinance sections 3-16.3, 3-16.5, 3-16.6 and 3-16.8[2] are the sources of these alleged constitutional infirmities.

Section 3-16.3 authorizes "on premise" permanent signs subject to specific size, height, location and number restrictions. (Doc. 12, Exhibit A at 3.) Defendant rejected Plaintiff's permit applications because the subject billboards would exceed these restrictions for the relevant parcels. (Doc. 27, Exhibit B.)

---

[2] Ordinance 737, codified as City of Casselberry Unified Land Development Regulations, Article XVI, Chapter 3, Part III (1992).

2

Section 3-16.5 absolutely prohibits "off premise" permanent signs. (Doc. 12, Exhibit A at 9.) Defendant relied on this section as an alternative basis to reject Plaintiff's applications. (Doc. 27, Exhibit B.)

Section 3-16.6 provides exceptions (to section 3-16.5) for various "off premise" temporary signs including political campaign signs, special events signs, directional signs, public information signs and garage sales signs. (Doc. 12, Exhibit A at 9-11.)

Section 3-16.8 prohibits certain types of signs including those "containing statements, words, or pictures of an obscene nature" and those advertising "any activity, business, product, service, political candidate, or issue which os no longer produced, conducted or at issue." (Doc. 12, Exhibit A at 12-13.)

In terms of relief, Plaintiff asks this Court to declare Defendant's 1992 Ordinance unconstitutional and enjoin Defendant to "follow [its] usual and customary processes and ministerial duties in connection with the issuance of any lawful building or sign permits to [Plaintiff] as though the ordinance were not effective [.]" (Doc. 1 at 8.)

## II. DEFENDANT'S 1999 AMENDMENTS

In March 1999, Defendant amended its 1992 Ordinance "to ensure that [its] regulations [will] be interpreted as constitutional, content neutral regulations of signage. (Doc. 12, Exhibit B at 1.) In an effort to achieve that goal, Defendant adopted the following amendments:

3

Section 3-16.2 was amended, in relevant part, to define "on premise" signs as those "(1) identifying an activity conducted or products or services available on the premises where the sign is located, or (2) displaying a noncommercial message or (3) any combination of the first two." (Doc. 12, Exhibit B at 3.) Additionally, "off premise" signs were defined as those "identifying an activity which is not conducted or products or services which are not available on the premises where the sign is located." (*Id.*)

Section 3-16.3 was amended, in relevant part, to provide that "[o]n-premises permanent signs are permitted within the City of Casselberry, and any such lawful sign may display a noncommercial message in addition to, or in lieu of, any other message." (*Id.* at 4.)

Section 3-16.5 was left intact save the deletion of an amortization schedule for preexisting signs. (*Id.* at 8.)

Section 3-16.6 was deleted *in toto*. (*Id.* at 8.)

Section 3-16.8 was amended to remove the aforementioned language and to add "off premise" signs to the list of prohibited signs. (*Id* at 9-10.)

After enacting these amendments, Defendant adopted Resolution 99-1183 resolving that "it will not readopt any provision of [the 1992 Ordinance] which could be construed to be content based or to favor one speaker over another or to favor commercial speech over noncommercial speech [.]" (Doc. 35 at 45.)

4

## III. LEGAL STANDARD

The Constitution limits federal jurisdiction to actual cases and controversies. U.S. Const., art. III, § 2. To sustain jurisdiction, a case or controversy must subsist through all stages of the federal litigation process. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). As a result, at every stage in the proceedings, the court must "stop, look, and listen" to determine the impact of changes in the law on the case before it. *Naturist Society, Inc. v. Fillyaw*, 958 F.2d 1515, 1520 (11th Cir. 1992). If a law is amended so as to remove its challenged features, a claim for injunctive relief as to those features becomes moot. *See* 15 *Moore's Federal Practice* § 101.98 (3d ed. 1999), and cases cited therein.

Driven by practical concerns, federal courts have crafted several exceptions to the mootness doctrine. Of particular relevance here is the "voluntary cessation of illegal activity" exception which provides that a defendant's voluntary cessation of a challenged practice renders a case moot only if there is no "reasonable expectation" that the defendant will resume the challenged practice after the lawsuit is dismissed. *Jews for Jesus, Inc. v. Hillsborough County Aviation Authority*, 162 F.3d 627, 629 (11th Cir. 1998). Without this exception, a defendant could "moot a challenge to a practice during the course of a lawsuit, and then reinstate the practice as soon as the litigation was brought to a close." *Id.* Such tactics serve only to delay justice and squander valuable judicial resources. "The mere power to reenact a challenged law," however,

5

"is not a sufficient basis on which a court can conclude that a reasonable expectation of a recurrence exists. Rather, there must be evidence indicating that the challenged law likely, or perhaps almost certainly, will be reenacted." 15 *Moore's Federal Practice* § 101.98 at 101-185 (3d ed. 1999); *City of Mesquite v. Aladdin s Castle*, 455 U.S. 283 (1982); *National Advertising Co. v. City of Fort Lauderdale*, 934 F.2d 283, 286 (11th Cir.1991) (holding that the case was not moot because there was a reasonable expectation that the challenged conduct would recur).

## IV. APPLICATION

Defendant has adequately and effectively amended its sign ordinance to remove the challenged features. As set forth above, all relevant sections have either been deleted or amended to bring the ordinance into full compliance with the constitutional standards set forth by the United States Supreme Court in *Metromedia, Inc. v. City of San Diego*, 453 U.S. 490 (1981) (municipality may regulate "off premise" commercial signs to a greater extent than "on premise" commercial signs to advance aesthetic and safety interests but may not favor certain forms of noncommercial speech over others); *see also Southlake Property Associates, Ltd. v. City of Morrow*, 112 F.3d 1114, 1119 (11th Cir. 1997) ("noncommercial speech is always onsite.") As a result, unless a "reasonable expectation" exists that Defendant will reinstate the challenged ordinance features in the future, this action is moot.

Plaintiff offers no evidence showing that Defendant's course of conduct is

6

actually a strategic ploy designed to defeat jurisdiction in this case. Instead, the evidence establishes just the opposite. First, Defendant voluntarily initiated a review of its 1992 Ordinance and placed a moratorium on its application prior to the commencement of this litigation. Second, Defendant's current ordinance is the "result of substantial deliberation" on Defendant's part over the course of several months. *Jews for Jesus*, 162 F.3d at 629. Finally, Defendant adopted a formal resolution emphasizing that it will not readopt any provision of its 1992 Ordinance "which could be construed to be content based or to favor one speaker over another or to favor commercial speech over noncommercial speech [.]" (Doc. 35 at 45.) The Court finds that the likelihood that Defendant will reinstate the challenged ordinance features is sufficiently remote to preclude invocation of the "voluntary cessation" exception. Accordingly, the Court holds that this action is moot.

## V. CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment (Doc. 33) is **GRANTED**. The Court directs the clerk of court to enter the appropriate judgment and the close the case.

**DONE AND ORDERED** at Orlando, Florida, this ____ day of January, 2000.

_____
G. Kendall Sharp
Senior United States District Judge

7

AO 72A
(Rev.8/82)