

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6186-CIV-UNGARO-BENAGES

WILTON MANORS STREET SYSTEMS,
INC.,

    Plaintiff,

vs.

CITY OF WILTON MANORS,

    Defendant.

_____/

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF**
**MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Wilton Manors Street Systems, Inc. ("Street Systems" or "plaintiff"), submits the following the following reply memorandum of law in support of its motion for entry of summary judgment in its favor and against defendant, the City of Wilton Manors ("the City" or "Wilton Manors").

## MEMORANDUM OF LAW

1. **The action is not moot because Street Systems has vested rights under Florida law to the issuance of the six permits.**

The City's primary contention in opposition to Street Systems' motion for summary judgment is that this action challenging the constitutionality of the City's 1997 sign ordinance is moot because the City adopted an amended sign ordinance in 2000. The City's contention was squarely rejected by the Court of Appeals for the Eleventh Circuit, in its unpublished decision issued October 26, 1993 in National Advertising Company v. City of Fort Lauderdale ("National II"),[1] when the same contention was raised by the City of Fort Lauderdale. Although the City's opposition ignores National II completely, the application of that decision to this case could not be clearer. As stated in the opening sentence of the decision:

> This case asks if plaintiff acquired vested rights in permits to erect billboards.

National II, at p. 1.

Like the City of Wilton Manors in this case, the City of Fort Lauderdale had enacted a new sign ordinance after it had denied the plaintiff's permit applications based on its old sign ordinance. On remand from National Ad. Co. v. City of Fort Lauderdale, 934 F.2d 283 (11th Cir. 1991), the

---

[1] A copy of the National II decision was provided as part of Exhibit D to the Affidavit of Gary R. Rutledge filed on August 25, 2000 in support of Street Systems' motion for summary judgment (at pages Bate stamped 0000336-348 of Exhibit D). The City received a copy of the National II decision (and of plaintiff's counsel's analysis of that decision) in November 1999, as is reflected in Exhibit D.

district court found that the City of Fort Lauderdale's denial of National's permit applications under its old sign ordinance gave National no vested rights, and refused to enjoin enforcement of the old sign ordinance because it found that the City was unlikely to reenact the old sign ordinance and no party had challenged the new one. National II, at p. 3-4. The Eleventh Circuit's decision in National II reversed the district court and found that the plaintiff had vested rights under Florida law to the issuance of the permits:

> National argues that it acquired vested rights in sign permits because, when National submitted its permit applications, no valid law banned billboards. We review this state law issue de novo. Salve Regina College v. Russell, 111 S.Ct. 1217, 1222-24 (1991).
>
> When a party submits an application that satisfies all existing and pending laws, the municipality lacks authority to deny the permit. See Smith v. City of Clearwater, 383 So.2d 681, 688-89 (Fla. Dist. Ct. App. 1980). When National applied for a permit, the only law that banned billboards was the old, unconstitutional sign ordinance. An unconstitutional law cannot support the denial of a permit application because such a law "is not voidable -- it is void.... It is as though the ordinance does not exist." (footnote omitted). Bhoola v. City of St. Augustine Beach, 588 So.2d 666, 667 (Fla. Dist. Ct. App. 1991); see Josephson v. Autrey, 96 So.2d 784, 789 (Fla. 1957) (en banc) (unconstitutional law "can have no effect whatsoever"). Because no valid law banned billboards when the permits were applied for, the permits should have issued. Cf. Harris v. State, 31 So.2d 364, 266 (Fla. 1947) (where old law barred liquor license but was later held invalid, and new law barring license was not passed until after application was submitted, license must issue); Littlefield v. City of Afton, 785 F.2d 596, 602 (8th Cir. 1986) (property interest in permit existed because application "complied with all the legal requirements").
>
> The City argues that, even if National were entitled to permits under the old sign ordinance, the City could rely on the new sign ordinance to deny National's application. We disagree. When an application for a permit satisfies all existing and pending laws, the permit must then issue: a new law passed after the application was filed has no effect on the matter of issuance. See, e.g., Broach v. Young, 100 So.2d 411,

3

>411 (Fla. 1958) (per curiam); Aiken v. E.B.Davis, Inc., 143 So. 658, 658 (Fla. 1932); Smith, 383 So.2d at 688; Southern Coop. Dev. Fund v. Driggers, 696 F.2d 1347, 1354 (11th Cir. 1983). The rule is the same when the existing law is later declared unconstitutional. Cf. Harris, 31 So.2d at 266 (discussing denial of liquor license application); City of Margate v. Amoco Oil Co., 546 So.2d 1091, 1094 (Fla. Dist. Ct. App. 1989) (where city illegally denied permit under old law, new law passed after application was denied has no effect). The new sign ordinance had no effect on National's rights to have permits issued. (footnote omitted).

The City's reliance on the January 20, 2000 unpublished decision of the U. S. District Court for the Middle District of Florida in Revolution Outdoor Advertising, Inc. v. City of Casselberry, is misplaced. That decision is on appeal to the Eleventh Circuit and should be reversed based on the holding in National II.[2]

When Street Systems submitted its six permit applications on July 8, 1999,[3] the City of Wilton Manors lacked authority to deny the permits because its 1997 sign ordinance was unconstitutional.

---

[2]The City's reliance on 11th Cir. R. 36-3 for the proposition that the District Court's unpublished decision may be cited as persuasive authority, also appears to be misplaced. While Rule 36-3 governs citation of the National II decision, there is no reference in the rule to district court decisions.

[3]The City's contention that the date of adoption of its 2000 sign ordinance was the date of the first reading of the ordinance, January 25, 2000, rather than the date of the second reading, February 8, 2000 (See Section 166.041(3)(a), Florida Statutes), is irrelevant except as it is an attempt by the City to play fast and loose with the facts. The relevant date, insofar as it affects Street Systems' rights, is the date of the permit applications, July 8, 1999.

Street Systems has vested rights to the issuance of the six permits, and the Court should enjoin the City to follow its usual and customary processes and issue the six permits to Street Systems.

### 2. The City's 1997 sign ordinance is unconstitutionally overbroad and vague on its face, and its unconstitutional provisions cannot be severed.

The City's second and third contentions in opposition to Street Systems' motion for summary judgment are that its 1997 sign ordinance contained content-neutral and constitutionally valid restrictions on the height, size and number of signs "in order to facilitate the health, safety and welfare of the public and to encourage architecturally compatible signs which efficiently transfer information," (City's opposition, at p. 7-8) and that the height, size, and number restrictions of Section 11-3.D. and Schedule 1 of the 1997 sign ordinance are severable as a matter of state law.

These issues are the subjects of Street Systems' response filed on September 19, 2000 in opposition to the City's motion for summary judgment, at point two ("The unconstitutional provisions of the City's sign ordinance cannot be severed"), and in the statement of controverted material facts. Street Systems' response is incorporated herein by this reference.

As noted in Street Systems' response, the City's incomplete quotation of Schedule 1 omits the two columns of the schedule which reflect that the schedule itself is a content-based restriction on speech: the first and last columns of Schedule 1 limit the uses and copy permitted on pole signs to on-premise commercial signs. Such restrictions are unconstitutionally overbroad and vague for the reasons stated at length in Street Systems' motion for summary judgment. The City's 1997 sign ordinance in fact contains no limitations on the height, size and number of off-premise commercial and noncommercial signs, but instead simply bans "billboards" at Section 11-4.G.2. It is well-settled law that such overbroad and vague restrictions on speech are prohibited by the First Amendment.

5

Metromedia v. City of San Diego, 453 U.S. 490, 101 S.Ct. 2882, 69 L.Ed. 2d 800 (1981).

The City's assertion that its 1997 sign ordinance advances its interests in health, safety and welfare, and that there is no available less restrictive alternative to its complete ban of off-premise commercial advertising, is merely the argument of counsel unsupported by any record evidence. No evidence has been presented to this Court, for example, that the difference in the wording of an on-premise sign from that of an off-premise sign contributes to traffic safety or alleviates the purported aesthetic evils caused by the sign structure itself.

3. **This action would not be moot regardless of Street Systems' vested rights to issuance of the permits.**

The City's fourth and final contention in response to Street Systems' motion for summary judgment is that it is improper for Street Systems to raise the issue of the unconstitutionality of the City's 2000 sign ordinance because that ordinance was not challenged in plaintiff's complaint or amended complaint. However, Street Systems' contentions concerning the unconstitutionality of the 2000 sign ordinance are defensive in nature, offered simply to rebut the claim raised in the City's answer to the amended complaint (at Paragraph 35) that the action at bar has been mooted by the passage of the 2000 sign ordinance. Street Systems' primary contention concerning mootness is that the action is not moot because Street Systems has vested rights under Florida law to the issuance of the six building permits it applied for in July, 1998, at a time when the City had no valid legal basis to deny the permit applications.

Even if Street Systems' vested rights to issuance of the permits were disregarded, the Eleventh Circuit has expressly held that if a successor ordinance leaves objectionable features of the prior law essentially undisturbed, the case is not moot. Coalition for the Abolition of Marijuana Prohibition v.

6

City of Atlanta, 219 F.3d 1301 (11th Cir. July 27, 2000). In Coalition, the majority rejected a claim of mootness and relied upon the holding of Northeastern Fla. Chapter v. City of Jacksonville, 508 U.S. 656, 662, 113 S. Ct. 2297, 2301, 124 L.Ed. 2d 586 (1993), where the city defendant had repealed the challenged ordinance and had replaced it with a new ordinance while the appeal was pending before the Supreme Court. The Supreme Court had noted that although the new ordinance differed from the repealed ordinance in three principal respects, the case was not moot. The Eleventh Circuit in Coalition stressed the following passage from the decision in Northeastern Fla. Chapter:

> This is an a fortiorari case. There is no mere risk that Jacksonville will repeat its allegedly wrongful conduct; it has already done so. Nor does it matter that the new ordinance differs in certain respects from the old one. City of Mesquite does not stand for the proposition that it is only the possibility that the selfsame statute will be enacted that prevents a case from being moot; if that were the rule, a defendant could moot a case by repealing the challenged statute and replacing it with one that differs only in some insignificant respect. The gravamen of petitioner's complaint is that its members are disadvantaged in their efforts. . . . The new ordinance may disadvantage them to a lesser degree than the old one, but . . . it disadvantages them in the same fundamental way. Id. at 662, 113 S. Ct. at 2301.

219 F.3d at 1311.

Similarly, the City's 2000 sign ordinance continues the prohibition of off-premise commercial speech reflected in its 1997 sign ordinance.

JEllis/street.law

7

## CONCLUSION

For the reasons expressed herein, in its motion for summary judgment, and in its response in opposition to the City's motion for summary judgment, Street Systems' motion for summary judgment should be granted.

Respectfully submitted,

*[signature: John R Ellis]*

Gary R. Rutledge
Florida Bar No. 222674
John R. Ellis
Florida Bar No. 041976
Rutledge, Ecenia, Purnell & Hoffman, P.A.
P. O. Box 551
Tallahassee, Florida 32302
(850) 681-6788 (Telephone)
(850) 681-6515 (Telecopier)

and

Myron D. Cohen
Hunton & Williams
200 Park Avenue
New York, New York 10166
(212) 309-1000 (Telephone)
(212) 309-1100 (Telecopier)

Attorneys for Plaintiff,
Wilton Manors Street Systems, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was furnished to the following by United States Mail, this 29th day of September, 2000:

Michael T. Burke, Esq.
Johnson, Anselmo, Murdoch, Burke
    & George
790 East Broward Boulevard, Suite 400
P. O. Box 030220
Fort Lauderdale, FL 33303-0220

John R. Ellis

F:\USERS\JELLIS\reply.wpd