

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6186-CIV-UNGARO-BENAGES

WILTON MANORS STREET SYSTEMS,
INC.,

    Plaintiff,

vs.

CITY OF WILTON MANORS,

    Defendant.

_____/

**PLAINTIFF, WILTON MANORS STREET SYSTEMS, INC.'S
<u>NOTICE OF SUPPLEMENTAL AUTHORITY</u>**

Plaintiff, Wilton Manors Street Systems, Inc. ("Street Systems"), respectfully submits this notice of supplemental authority to bring to the Court's attention the September 29, 2000 unpublished decision of the U.S. Court of Appeals for the Eleventh Circuit in <u>Revolution Outdoor Advertising, Inc. v. City of Casselberry</u>, Case No. 00-10863 ("<u>Revolution</u>"). The Eleventh Circuit's decision in <u>Revolution</u> is directly relevant to Street Systems' claim in this action that Street Systems has vested rights under Florida law to the building permits it applied for on July 8, 1999, at a time when the defendant, City of Wilton Manors, had no valid authority to deny the permits. The <u>Revolution</u> decision expressly acknowledges the similar claim of the plaintiff and appellant, Revolution Outdoor Advertising, Inc. ("Revolution") to vested rights, albeit in declining to rule on that claim because:

Revolution's subsidiary, not Revolution applied for building permits under the 1992 Ordinance. Since it did not apply for the permits, Revolution could not possess vested rights in them.

Revolution, slip opinion at p.3.

A copy of the Revolution decision is attached to the Notice as Exhibit A.

Respectfully submitted,

*/s/ John R. Ellis*

Gary R. Rutledge
Florida Bar No. 222674
John R. Ellis
Florida Bar No. 041976
Rutledge, Ecenia, Purnell & Hoffman, P.A.
P. O. Box 551
Tallahassee, Florida 32302
(850) 681-6788 (Telephone)
(850) 681-6515 (Telecopier)

and

Myron D. Cohen
Hunton & Williams
200 Park Avenue
New York, New York 10166
(212) 309-1000 (Telephone)
(212) 309-1100 (Telecopier)

Attorneys for Plaintiff,
Wilton Manors Street Systems, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Notice of Supplemental Authority was furnished to the following by United States Mail, this 5th day of October, 2000:

Michael T. Burke, Esq.
Johnson, Anselmo, Murdoch, Burke
    & George
790 East Broward Boulevard, Suite 400
P. O. Box 030220
Fort Lauderdale, FL 33303-0220

                                              _____
                                              John R. Ellis

JEllis/notice.sup

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 00-10863

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEP 2 9 2000
THOMAS K. KAHN
CLERK

D. C. Docket No. 98-01344-CIV-ORL-18

REVOLUTION OUTDOOR
ADVERTISING, INC.,

          Plaintiff-Counter-
          Defendant-Appellant,

versus

CITY OF CASSELBERRY,

          Defendant-Counter-
          Claimant-Appellee.

Appeal from the United States District Court
for the Middle District of Florida

(September 29, 2000)

Before COX, WILSON and GIBSON*, Circuit Judges.

PER CURIAM:

---

    *    Honorable John R. Gibson, U. S. Circuit Judge for the Eighth Circuit, sitting by designation.



Revolution Outdoor Advertising, Inc. ("Revolution") challenges the district court's grant of summary judgment to the City of Casselberry, Florida. In 1998, Revolution, acting through a wholly-owned subsidiary, obtained leaseholds in the City for the purpose of erecting billboards. The subsidiary then applied for building permits. Revolution's subsidiary, believing that the City's sign ordinance (the "1992 Ordinance") was unconstitutional, refused to make its applications comply with the terms of the ordinance. Not surprisingly, the City rejected each application.

In December 1998, Revolution filed a complaint alleging that the 1992 Ordinance was unconstitutional and demanding injunctive and declarative relief. In March 1999, the City amended its sign ordinance. The new ordinance (the "1999 Ordinance") was designed to remedy the constitutional infirmities alleged by Revolution in its complaint. After the passage of the 1999 Ordinance, the City moved for summary judgment, arguing that the changes to the sign ordinance had rendered Revolution's claims moot. The district court granted the motion, finding that the 1999 Ordinance had brought the City fully into compliance with constitutional standards and that the likelihood that the City would reinstate the challenged ordinance was sufficiently remote to preclude the invocation of the voluntary cessation exception to the mootness doctrine. Revolution argues that its challenge to the 1992 Ordinance is

not moot and further contends that this court should address the constitutionality of the 1999 Ordinance. We affirm.

There is no indication from the record that the City has any intention of reenacting the challenged portions of the 1992 Ordinance. Further, Revolution's attempt to avoid mootness by relying on a claim of vested rights under the 1992 Ordinance is misplaced. Revolution's subsidiary, not Revolution, applied for building permits under the 1992 Ordinance. Since it did not apply for the permits, Revolution could not possess vested rights in them. Therefore, Revolution's challenge to the 1992 Ordinance is moot. This court declines to hear Revolution's challenge to the 1999 Ordinance. It is undisputed that the City passed the 1999 Ordinance after Revolution had filed its complaint challenging the 1992 Ordinance. Revolution failed to seek leave to amend its complaint to challenge the 1999 Ordinance, instead raising the issue only in its memorandum in opposition to the City's summary judgment motion. Accordingly, the question of the constitutionality of the 1999 Ordinance is not properly before this court.

AFFIRMED.