## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

CASE NO. 00-6186-CIV-UNGARO-BENAGES

WILTON MANORS STREET SYSTEMS,
INC.,

      Plaintiff,

vs.

CITY OF WILTON MANORS,

      Defendant.

_____/

**NIGHT BOX
FILED**

OCT  6 2000

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

### JOINT PRETRIAL STIPULATION

Plaintiff, Wilton Manors Street Systems, Inc. ("Street Systems"), and Defendant, the City of Wilton Manors ("the City"), by their undersigned counsel, submit this Joint Pretrial Stipulation pursuant to S.D.Fla.L.R. 16.1, the Order Setting Initial Planning and Scheduling Conference entered on March 7, 2000, and the Order Enlarging Time entered on September 12, 2000.

1.    **Statement of the Case:** This is an action for declaratory and injunctive relief and attorney's fees challenging the constitutionality of the sign ordinance enacted by the City of Wilton Manors in 1997, Ordinance No. Z-199, codified as City of Wilton Manors Code of Ordinances, Appendix A, Article 11 (1997).

2.    **Basis of Federal Jurisdiction:** The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3) and (4) because this action arises under the First Amendment to the United States Constitution and under 42 U.S.C. § 1983.

Case No. 00-6186-Civ-Ungaro-Benages
Wilton Manors Street Systems vs. City of Wilton Manors

3.    **Pleadings:** The case is at issue on Street Systems' Amended Complaint, filed June

9, 2000, and the City's Answer and Affirmative Defenses to Amended Complaint, filed June 22,

2000.

4.    **Pending Motions:** Pending are Street Systems' and the City's cross-motions for

summary judgment, filed August 25, 2000.

5.    **Statement of Uncontested Facts:**

(a)    Street Systems is a Florida corporation which has its principal place of business in

Broward County, Florida.  Street Systems and its predecessor in interest, Street

Information Systems, Inc. ("SIS"), are in the business of outdoor advertising.

(b)    Outdoor advertising companies lease or purchase real estate upon which they erect

and maintain billboards, and in turn lease space on billboards to persons or entities

wishing to communicate messages to the general public.

(c)    The City is a Florida municipality located in Broward County.

(d)    On May 27, 1997, the City enacted a comprehensive sign ordinance, Ordinance No.

Z-199.

(e)    Article 11-5.C of Ordinance No. Z-199 was amended by Ordinance No. Z-205,

enacted on February 10, 1998.

(f)    During 1999, SIS obtained leasehold interests in five sites and an ownership interest

in a sixth site in the City on which it  intended to erect billboards.  Each of the six

2

Case No. 00-6186-Civ-Ungaro-Benages
Wilton Manors Street Systems vs. City of Wilton Manors

sites is in an area zoned for commercial use and meeting state requirements for outdoor advertising.

(g)     On July 8, 1999, SIS submitted applications to the City for six permits to construct outdoor advertising signs at the six sites within the City. According to SIS, the signs are intended to carry both commercial and noncommercial messages unrelated to the products sold or activities conducted at the location.

(h)     On August 10, 1999, the City notified SIS that the six applications had been denied.

(i)     On September 1, 1999, SIS's counsel notified the City of SIS's claim that the City's sign ordinance was unconstitutional.

(j)     The City amended its 1997 sign ordinance in 2000 by the enactment of Ordinance No. Z-212.

(k)     Ordinance No. Z-212 had its first reading at a meeting of the City Council of the City of Wilton Manors on January 25, 2000, and had its second reading at the City Council's meeting on February 8, 2000. The ordinance became effective on February 8, 2000.

(l)     The City does not intend to repeal Ordinance No. Z-212.

6.     **Statement of Contested Facts Requiring Trial:**

(a)     Street Systems' contention that customers of outdoor advertising companies use billboards for advertising both commercial and noncommercial matters and that examples of noncommercial messages displayed on billboards include political

3

Case No. 00-6186-Civ-Ungaro-Benages
Wilton Manors Street Systems vs. City of Wilton Manors

advertisements, public service messages honoring citizens and public officials, public health notices, and charitable, patriotic and religious messages.

(b)     Street Systems' contention that Outdoor advertising increases the sales of products and produces numerous direct and indirect benefits to the public by the communication of valuable commercial, political and public service information; and that many businesses, politicians and other persons rely upon outdoor advertising because other forms of advertising are insufficient, inappropriate, or prohibitively expensive.

(c)     Street Systems' contention that each of the six applications provided construction plans reflecting compliance with all requirements of Chapter 479, Florida Statutes, including compliance with state and federal requirements concerning the size, height, lighting, and spacing of outdoor advertising.

(d)     Street Systems' contention that on November 22, 1999 and December 29, 1999, Street Systems' and SIS's counsel provided the City with detailed statements of the unconstitutional defects in the City's sign ordinance.

(e)     Street Systems' contention that the City enacted Ordinance Z-212 in response to SIS's claim that Ordinance No. Z-199 was patently unconstitutional.

(f)     Street Systems' contention that SIS' rights, title and interest in the six applications for building permits were transferred to Street Systems in July and August, 1998.

4

Case No. 00-6186-Civ-Ungaro-Benages
Wilton Manors Street Systems vs. City of Wilton Manors

(g)     The City's contention that the applications filed by SIS sought to erect advertising structures which failed to comply with the minimum frontage requirements and exceeded the height and size requirements of the Wilton Manors Sign Code.

7.     **Statement of Issues of Law Which Are Agreed:**   None.

8.     **Statement of Issues of Law Which Remain for Determination by the Court:**

(a)     Whether the City's sign ordinance in effect on July 8, 1999 was unconstitutional because it evidenced a preference for commercial on-premise advertising over various forms of noncommercial speech, such as political advertising.

(b)     Whether the City's sign ordinance in effect on July 8, 1999 was unconstitutional because it contained exceptions to its wholesale ban on off-premise speech that impermissibly discriminated between types of noncommercial speech based on the content of the message.

(c)     Whether the City's sign ordinance in effect on July 8, 1999 was unconstitutional because the distinction drawn in the ordinance between on-premise and off-premise advertising bore no relationship to the City's asserted interests in health, safety and welfare, architectural compatibility, and efficiency in the transfer of information.

(d)     Whether the City's sign ordinance in effect on July 8, 1999 was unconstitutional because less restrictive means were available to the City to advance its asserted interests, such as through limitation of numbers, dimensions or location of signs, without the need to address sign content.

5

Case No. 00-6186-Civ-Ungaro-Benages
Wilton Manors Street Systems vs. City of Wilton Manors

(e)    Whether the City's sign ordinance in effect on July 8, 1999 was unconstitutional in its treatment of political speech.

(f)    Whether the City's sign ordinance in effect on July 8, 1999 was unconstitutional because it lacked standards to guide the discretion of the officials administering it.

(g)    Whether the City has the burden of proof on the issue of the constitutionality of legislation restricting speech.

(h)    Whether Street Systems has vested rights under Florida law to issuance of the six permits it applied for on July 8, 1999.

(i)    Whether this action is moot by reason of the City's enactment of Ordinance No. Z-212.

(j)    Whether Street Systems' claim for attorney's fees is barred by the City's enactment of Ordinance No. Z-212.

(k)    In the event any portion of the City of Wilton Manors' Sign Regulations are determined to be invalid, whether the remaining regulations are severable and valid.

(l)    Whether Plaintiff lacks standing to assert all or some of the claims brought in this action.

(m)    Whether any vested right claimed by Wilton Manors Street Systems, Inc. is moot in that the applications were submitted by Street Information Systems, Inc.

(n)    Whether any challenge to the current Wilton Manors' Sign Code is beyond the scope of the pleadings.

9.    **List of Trial Exhibits:** The parties' list of trial exhibits, with objections, is attached.

10.  **List of Trial Witnesses:** The parties' list of trial witnesses is attached.

11.  **Estimated Trial Time:** The parties' estimate of the time required for trial is one day.

12.  **Estimated Attorney's Fees:** Street Systems' estimate of the maximum amount properly allowable for an award of attorney's fees through trial is Ninety Thousand Dollars ($90,000).  The City's estimate of the maximum amount properly allowable for and award of attorney's fees is Thirty-Five Thousand Dollars ($35,000).

Respectfully submitted,

Gary R. Rutledge
Florida Bar No. 222674
John R. Ellis
Florida Bar No. 041976
Rutledge, Ecenia, Purnell & Hoffman, P.A.
P. O. Box 551
Tallahassee, Florida 32302
(850) 681-6788 (Telephone)
(850) 681-6515 (Telecopier)

and

Myron D. Cohen
Hunton & Williams
200 Park Avenue
New York, New York 10166
(212) 309-1000 (Telephone)
(212) 309-1100 (Telecopier)
**Attorneys for Plaintiff, Wilton Manors Street Systems, Inc.**

Michael T. Burke, Esq.
Johnson, Anselmo, Murdoch, Burke
    & George
790 East Broward Boulevard, Suite 400
P. O. Box 030220
Fort Lauderdale, FL 33303-0220
**Attorneys for Defendant, City of Wilton Manors**