UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6186-CIV-UNGARO-BENAGES

WILTON MANORS STREET SYSTEMS, INC.,

    Plaintiff,

vs.

CITY OF WILTON MANORS,

    Defendant.
_____/



FILED by _____ D.C.
INTAKE
OCT 1 9 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**DEFENDANT, CITY OF WILTON MANORS',**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

The Defendant, CITY OF WILTON MANORS, by and through its undersigned attorneys hereby gives notice of its reliance on the U.S. Court of Appeals Eleventh Circuit unpublished decision in <u>Revolution Outdoor Advertising, Inc. v. City of Cassleberry</u>, Case No. 00-10863 (11th Cir. Sept. 29, 2000); a copy of which is attached hereto. The Eleventh Circuit's recent decision in <u>Revolution Outdoor Advertising</u> affirms the Middle District of Florida's entry of summary judgment in favor of the City of Cassleberry on mootness grounds, which decision was cited by the Defendant in support of its Motion for Summary Judgment.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via U.S. Mail to **GARY R. RUTLEDGE, ESQUIRE**, Rutledge, Ecenia, Purnell & Hoffman, Attorneys for Plaintiff, 215 So. Monroe Street, Ste. 420, Tallahassee, FL 32301-1841, and

CASE NO. 00-6186-CIV-UNGARO-BENAGES
Wilton Manors Street Systems vs. City of Wilton Manors

**MYRON D. COHEN, ESQUIRE**, Hunton & Williams, Co-Counsel for Plaintiff, 200 Park Avenue, New York, NY 10166-0136, this 17th day of October, 2000.

> JOHNSON, ANSELMO, MURDOCH, BURKE & GEORGE
> **Attorneys for City of Wilton Manors**
> 790 East Broward Boulevard, Suite 400
> Post Office Box 030220
> Fort Lauderdale, Florida 33303-0220
> Facsimile:   954/463-2444
> Telephone:  954/463-0100 Broward
> 305/945-2000 Dade
> 561/640-7448 WPB
>
> BY: _____
> MICHAEL T. BURKE
> Florida Bar No. 338771

#20035MTB/lt

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

```
F I L E D
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

SEP 2 9 2000

THOMAS K. KAHN
    CLERK
```

No. 00-10863

D. C. Docket No. 98-01344-CIV-ORL-18

REVOLUTION OUTDOOR
ADVERTISING, INC.,

                Plaintiff-Counter-
                Defendant-Appellant,

versus

CITY OF CASSELBERRY,

                Defendant-Counter-
                Claimant-Appellee.

Appeal from the United States District Court
for the Middle District of Florida

(September 29, 2000)

Before COX, WILSON and GIBSON*, Circuit Judges.

PER CURIAM:

---

      * Honorable John R. Gibson, U. S. Circuit Judge for the Eighth Circuit, sitting by designation.


EXHIBIT A

Revolution Outdoor Advertising, Inc. ("Revolution") challenges the district court's grant of summary judgment to the City of Casselberry, Florida. In 1998, Revolution, acting through a wholly-owned subsidiary, obtained leaseholds in the City for the purpose of erecting billboards. The subsidiary then applied for building permits. Revolution's subsidiary, believing that the City's sign ordinance (the "1992 Ordinance") was unconstitutional, refused to make its applications comply with the terms of the ordinance. Not surprisingly, the City rejected each application.

In December 1998, Revolution filed a complaint alleging that the 1992 Ordinance was unconstitutional and demanding injunctive and declarative relief. In March 1999, the City amended its sign ordinance. The new ordinance (the "1999 Ordinance") was designed to remedy the constitutional infirmities alleged by Revolution in its complaint. After the passage of the 1999 Ordinance, the City moved for summary judgment, arguing that the changes to the sign ordinance had rendered Revolution's claims moot. The district court granted the motion, finding that the 1999 Ordinance had brought the City fully into compliance with constitutional standards and that the likelihood that the City would reinstate the challenged ordinance was sufficiently remote to preclude the invocation of the voluntary cessation exception to the mootness doctrine. Revolution argues that its challenge to the 1992 Ordinance is

2

.oot and further contends that this court should address the constitutionality of the 1999 Ordinance. We affirm.

There is no indication from the record that the City has any intention of reenacting the challenged portions of the 1992 Ordinance. Further, Revolution's attempt to avoid mootness by relying on a claim of vested rights under the 1992 Ordinance is misplaced. Revolution's subsidiary, not Revolution, applied for building permits under the 1992 Ordinance. Since it did not apply for the permits, Revolution could not possess vested rights in them. Therefore, Revolution's challenge to the 1992 Ordinance is moot. This court declines to hear Revolution's challenge to the 1999 Ordinance. It is undisputed that the City passed the 1999 Ordinance after Revolution had filed its complaint challenging the 1992 Ordinance. Revolution failed to seek leave to amend its complaint to challenge the 1999 Ordinance, instead raising the issue only in its memorandum in opposition to the City's summary judgment motion. Accordingly, the question of the constitutionality of the 1999 Ordinance is not properly before this court.

AFFIRMED.