UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION



CASE NO. 00-6186-CIV-UNGARO-BENAGES

WILTON MANORS STREET SYSTEMS,
INC.,

    Plaintiff,

vs.

CITY OF WILTON MANORS,

    Defendant.
_____/

### PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL AFFIDAVIT OF DANIEL L. HARDIN IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

    Plaintiff, Wilton Manors Street Systems, Inc. ("Street Systems"), moves pursuant to Fed. R. Civ. P. 7 and 56 and S.D. Fla. L.R. 7.1 and 7.5 for leave to file the Supplemental Affidavit of Daniel L. Hardin in support of Street Systems' motion for entry of summary judgment, and states:

    1.    This is an action for declaratory and injunctive relief and attorney's fees challenging the constitutionality of a 1997 ordinance adopted by the defendant, the City of Wilton Manors ("the City"), regulating the use of outdoor advertising within city limits.

    2.    On August 25, 2000, Street Systems and the City filed motions for summary judgment. Oral argument on the motions is set for December 1, 2000, at the Pretrial Conference.

    3.    Street Systems filed the Affidavit of Daniel L. Hardin in support of its motion for summary judgment on August 25, 2000. Mr. Hardin's Affidavit asserts, in part, that the six sites on which Street Systems seeks permits to construct outdoor advertising signs in the City meet

state requirements for outdoor advertising. This assertion is repeated at numbered paragraphs three and four of Street Systems' statement of undisputed material facts submitted in support of its motion for summary judgment.

4. On September 18, 2000, the City filed its opposition to Street Systems' motion for summary judgment. The City's opposition does not dispute Street Systems' assertion that the six sites applied for meet state requirements for outdoor advertising.

5. However, the City's reply memorandum filed on September 29, 2000 in support of the City's motion for summary judgment suggests (at page 6, footnote 5) that if the relief sought by Street Systems is granted, signs which are "literally 500 feet in height and 5000 square feet in area" would be allowed.

6. The Supplemental Affidavit of Daniel L. Hardin references the specific state requirements governing the size, height, spacing and location of outdoor advertising signs, and confirms that Street Systems' permit applications for the six sites in the City comply with those requirements.

## MEMORANDUM OF LAW

1. S.D. Fla. L.R. 7.5 provides, in part, that a motion for summary judgment shall be accompanied by necessary affidavits and a concise statement of the material facts which the moving party contends are undisputed and do not require trial; that the papers opposing a motion for summary judgment shall include necessary affidavits and a single concise statement of the material facts which the opposing party contends are disputed and require trial; and that all material facts set forth in the moving party's statement are deemed admitted unless they are controverted by the opposing party's statement.

2

2. Although the City's response to Street System's motion for summary judgment does not controvert Street Systems' assertion that the six sites applied for comply with applicable state law, the City's reply in support of its own motion for summary judgment suggests that there are no applicable legal requirements other than the City's sign ordinance, concerning the size and height of outdoor advertising signs. The Supplemental Affidavit of Daniel L. Hardin addresses this limited issue accordingly.

3. A district court has ample discretion to grant leave to file supplemental affidavits in support of or in opposition to a motion for summary judgment. Gordon v. Watson, 622 F. 2d 120, 123 (5th Cir. 1980).

WHEREFORE, Street Systems requests that its motion for leave to file the Supplemental Affidavit of Daniel L. Hardin in support of its motion for summary judgment, be granted.

Respectfully submitted,

*[signature]*
Gary R. Rutledge
Florida Bar No. 222674
John R. Ellis
Florida Bar No. 041976
Rutledge, Ecenia, Purnell & Hoffman, P.A.
P. O. Box 551
Tallahassee, Florida 32302
(850) 681-6788 (Telephone)
(850) 681-6515 (Telecopier)

and

Myron D. Cohen
Hunton & Williams
200 Park Avenue
New York, New York 10166
(212) 309-1000 (Telephone)
(212) 309-1100 (Telecopier)

Attorneys for Plaintiff,
Wilton Manors Street Systems, Inc.

### CERTIFICATE OF COUNSEL

Pursuant to S.D. Fla. L. R. 7.1, the undersigned represents that he has attempted in good faith to confer with counsel for the City by telephone voicemail and by facsimile transmission of a draft of the motion, concerning informal resolution of this motion, but has been unable to do so.

_____
John R. Ellis

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was furnished to the following by facsimile and United States Mail, this 21st day of November, 2000:

Michael T. Burke, Esq.
Johnson, Anselmo, Murdoch, Burke
 & George
790 East Broward Boulevard, Suite 400
P. O. Box 030220
Fort Lauderdale, FL 33303-0220

_____
John R. Ellis

4