UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6186-CIV-UNGARO-BENAGES

WILTON MANORS STREET SYSTEMS,
INC.,

    Plaintiff,

vs.

CITY OF WILTON MANORS,

    Defendant.

_____/

STATE OF FLORIDA    )
                            )ss.
COUNTY OF BROWARD  )

### SUPPLEMENTAL AFFIDAVIT OF DANIEL L. HARDIN

DANIEL L. HARDIN, after being duly sworn, states as follows:

1.    I am the President of the plaintiff, Wilton Manors Street Systems, Inc. ("Street Systems"). On August 25, 2000, I submitted an affidavit in support of Street Systems' motion for summary judgment.

2.    At paragraph four of my affidavit submitted on August 25, 2000, I testified that the six sites in the City of Wilton Manors ("the City") on which Street Systems seeks permits to construct outdoor advertising signs meet state requirements for outdoor advertising.

3.    This supplemental affidavit references the specific state requirements governing the size, height, spacing and location of outdoor advertising signs, and confirms that the permit applications for the six sites in the City comply with those requirements.

4. Chapter 479, Florida Statutes, establishes requirements for outdoor advertising signs adjacent to the interstate highway system and the State Highway System. Section 479.(9)(b)(3), Florida Statutes, restricts the maximum size of outdoor advertising sign facings to 950 square feet. Each of the six permit applications filed with the City is for a sign with a facing size of 672 square feet.

5. Section 479.07(9)(b)(2), Florida Statutes, restricts the maximum height of advertising signs in an incorporated area to 65 feet above the crown of the main-traveled way. Five of the six permit applications filed with the City are for signs adjacent to Oakland Park Boulevard and Andrews Avenue. These five permit applications are for signs with a maximum height of 50 feet. One of the six sign permit applications filed with the City is for a sign adjacent to I-95 at its crossing over Oakland Park Boulevard. At that location, I-95 is elevated approximately 35 feet over Oakland Park Boulevard, making the maximum allowable height for this site 100 feet. Street Systems' permit application for this site is for a sign with a maximum height of 75 feet.

6. Section 479.07(9)(a)(2), Florida Statutes, requires that outdoor advertising signs adjacent to a federal-aid primary highway be spaced at least one thousand feet from any other permitted sign on the same side of the highway. Five of the six sign permit applications filed with the City are for sites on federal-aid primary highways. The spacing of each of the five sites is more than 1000 feet from any other permitted sign on the same side of the highway.

7. Section 479.07(9)(a)(1), Florida Statutes, requires that outdoor advertising signs adjacent to an interstate highway be spaced at least one thousand five hundred feet from any other permitted sign on the same side of the highway. One of the six permit applications filed with the City is for a site adjacent to I-95. The spacing of that site is more than 2,500 feet from any other

2

permitted sign on the same side of the highway.

8. Section 479.07(10), Florida Statutes, requires that outdoor advertising signs be located only on properties zoned commercial or industrial. Each of the six sign permit applications filed with the City is for a site zoned for commercial use. Five of the six sites have an existing commercial business operating on the premises.

10. Section 479.015, Florida Statutes, provides that: "The control of signs in areas adjacent to the highways of this state is declared necessary...to assure that information in the specific interest of the traveling public is presented safely and aesthetically, to enhance the economic well being of the state...." Street Systems' six sign permit applications filed with the City are consistent with state requirements intended to assure that information in the specific interest of the traveling public is presented safely and aesthetically.

Further Affiant sayeth not.

_____
DANIEL L. HARDIN

Sworn to and subscribed before me this __ day of October, 2000, by DANIEL L. HARDIN, who is personally known to me ✓ or produced the following identification _____.

_____
NOTARY PUBLIC - STATE OF FLORIDA

My commission expires:

CORI A. BARNES
COMMISSION # CC608514
EXPIRES DEC 16, 2000
BONDED THROUGH
ATLANTIC BONDING CO., INC.

Jellis\street.2hardinaff

3