UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA



FEB 0 5 2001

CASE NO. 00-6186-CIV-UNGARO-BENAGES

WILTON MANORS STREET SYSTEMS, INC.,

     Plaintiff,

vs.

CITY OF WILTON MANORS,

     Defendant.

_____/

### DEFENDANT, CITY OF WILTON MANOR'S, MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND TO TAX COSTS

The Defendant, CITY OF WILTON MANORS, by and through its undersigned attorney, files its Memorandum of Law in Opposition to Plaintiff's Motion for Attorneys' Fees and to Tax Costs, and states:

### INTRODUCTION

Plaintiff, WILTON MANORS STREET SYSTEMS, INC. ("Plaintiff"), brought suit against the CITY OF WILTON MANORS ("City") seeking relief under 42 U.S.C. § 1983 for an alleged deprivation of its right to free speech under the First Amendment.

Plaintiff filed its Complaint on February 4, 2000. The Court granted Plaintiff's Motion for Summary Judgment and entered a Final Judgment in favor of Plaintiff on

1



CASE NO. 00-6186-CIV-UNGARO-BENAGES
Wilton Manors Street Systems vs. City of Wilton Manors

December 6, 2000.  On January 6, 2001, Plaintiff filed its Motion for Attorneys' Fees and to Tax Costs (hereinafter "Plaintiff's Motion").  Therein, Plaintiff requests a fee award in the amount of $94,011.25 and costs in the amount of $4,948.69.  For the reasons discussed below, Plaintiff is not entitled to recover the amounts requested.

## I.

## PLAINTIFF'S ATTORNEYS' FEE REQUEST IS UNREASONABLE AND EXCESSIVE

Plaintiff claims entitlement to an attorneys' fee award totaling $94,011.25.  A thorough review of Plaintiff's Motion and the attached time records reveals that Plaintiff is not entitled to the amount requested.  Plaintiff's Motion fails to establish that the hourly rates charged for its attorneys are within the range of prevailing hourly rates in the South Florida area.  Further, Plaintiff's Motion fails to deduct redundant, excessive and otherwise unnecessary hours billed by Plaintiff's attorneys.  Accordingly, Plaintiff is not entitled to the entire amount of the fee award requested and this Court should significantly reduce any fee award granted to Plaintiff.

As a preliminary matter, a review of Plaintiff's Motion, the attached affidavits and the supporting time records reveal many inconsistences in the fees requested by Plaintiff.  First, Plaintiff's Motion states that in his affidavit, Mr. Cohen proposes a reduction in the amount

2

of fees billed from $91,388.75 to $71,788.75.  No such reduction, however, is reflected in Mr. Cohen's affidavit.  Rather, Mr. Cohen proposes a reduction of the fee by deleting 55.5 hours billed by Mr. Cohen and his associates.  The remaining 138.8 hours, billed at $410 per hour[1] as the motion proposes, should bring the total billable **sought** by Mr. Cohen to $56,616.75.[2]  The affidavit of Mr. Rutledge states that Mr. Ellis' time is being billed at $175.00 per hour.  The attached time sheets reflect that Mr. Ellis billed a total of 105.5 hours.  Accordingly, the total billable amount for Mr. Ellis should be $18,462.50.  Added to the 8 billable hours of Mr. Rutledge at a rate of $290.00 per hour, the total for the firm of Rutledge, Ecenia should be $20,782.50.  Plaintiff's Motion and Mr. Rutledge's affidavit, however, reflect the higher figure of $23,232.50.  A close review of Mr. Ellis' time records reveals that a significant amount of time for Mr. Ellis was billed at $200.00 per hour, a rate higher than the $175.00 per hour actually requested in Plaintiff's Motion.  Accordingly, it is not clear what hourly rate Plaintiff is seeking for Mr. Ellis' time.

---

[1]     Plaintiff's Motion states that Mr. Cohen's time will be billed at $410.00 per hour instead of his regular rate of $495.00 per hour and references Mr. Cohen's affidavit. However, no mention of the lower rate is made in Mr. Cohen's affidavit. Accordingly, it is unclear what hourly rate Plaintiff is seeking for Mr. Cohen's time.

[2]     This figure takes into account the 1.25 hours billed at a lower rate for the associates who worked on the case.

A reasonable attorney's fee award under 42 U.S.C. § 1988 is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." Blum v. Stenson, 465 U.S. 886, 888 (1984). This initial "loadstar" provides an objective basis on which to estimate the value of a lawyer's services, Hensley v. Eckerhart, 461 U.S. 424 (1983); Norman v. Housing Auth. of Montgomery, 836 F. 2d 1292, 1303 (11th Cir. 1988), and thereby avoid the award of an improper windfall. The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Norman, 836 F.2d at 1303. Plaintiff has failed to establish entitlement to the requested fee award and has provided inadequate documentation of both the hours billed and the hourly rates. Accordingly, this Court should reduce the fee award requested by Plaintiff.

### A.    The Hourly Rates Claimed Are Excessive.

The above-styled action commenced with the filing of a Complaint in February of 2000 and, with the exception of the pending fee and cost application, concluded in December of 2000. As a result, the relevant inquiry consists of the prevailing hourly rates charged in the South Florida area during the past year with respect to civil rights litigation lawyers of comparable skills, experience and reputation to Myron Cohen, Gary Rutledge and John Ellis. For purposes of calculating a reasonable hourly rate, the "relevant market" is the place where

4

the case was filed. <u>ACLU of Georgia v. Barnes</u>, 168 F. 3d 423, 436 (11th Cir. 1999). The hourly rates requested by the Plaintiff for its lawyers exceed the prevailing market rate in the South Florida community.

"A reasonably hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." <u>Norman</u>, 836 F. 2d at 1303. A party seeking a fee award bears the burden of producing "satisfactory evidence that the requested rate is in line with the prevailing market rates." <u>Id.</u> The Eleventh Circuit has clearly established that "satisfactory evidence" entails **more** than merely the affidavit of the attorney performing the work. <u>Loranger v. Stierheim</u>, 10 F. 3d 776, 781 (11th Cir. 1994). <u>See also</u>, <u>Norman</u>, 836 F.2d at 1303 ("[s]atisfactory evidence at a minimum is **more** than the affidavit of the attorney performing the work")(emphasis added). Courts have further emphasized that in establishing a reasonable hourly rate a fee applicant should present evidence as to rates actually billed and paid in similar lawsuits. <u>Id.</u>

Plaintiff seeks to recover a fee award based on $410.00 per hour for work performed by Mr. Cohen, $290.00 per hour for work performed by Mr. Rutledge, and $175.00 per hour

for work performed by Mr. Ellis.[3] Plaintiff has provided nothing more than the affidavits of

Mr. Cohen and Mr. Rutledge in support of its contention that the attorneys are entitled to the

respective hourly rates requested. Mr. Rutledge's affidavit contains little information

regarding either his or Mr. Ellis' litigation experience and merely offers each counsel's alma

mater, year of entering practice and the law firms where each practiced. No mention is made

of experience with the specific type of litigation at issue in the instant action. Likewise, Mr.

Cohen's affidavit, although providing his experience, fails to justify the exorbanent hourly

rates of either $495 per hour or $410 per hour. Plaintiff has the burden of providing the

Court with information justifying the requested hourly rate. Plaintiff has not satisfied its

burden in this case.

Again, conspicuously absent form Plaintiff's Motion is <u>any</u> evidence as to the

prevailing market rate in the South Florida area for a case similar to the instant case.

Coincidentally, Plaintiff has offered nothing more than the affidavits of Mr. Cohen and Mr.

---

[3]       Again, although the Affidavit of Mr. Rutledge contends that Mr. Ellis' time was billed at a rate of $175.00 and no mention is made of an increase to that rate during the litigation, the time records for Mr. Ellis reveal that his billable rate was calculated at $175.00 per hour for work prior to November of 2000 and at $200.00 per hour for work performed after November of 2000.

Rutledge, two of the attorneys who performed the work[4], as support that the requested hourly rate is reasonable. Neither Mr. Cohen nor Mr. Rutledge has specifically referenced a comparator who charged a similar hourly rate for similar services. Further, no affidavits of other attorneys in the area discussing the reasonable hourly rate were attached to Plaintiff's Motion. As the evidence presented by the Defendant demonstrates, the hourly rates sought by Mr. Cohen, Mr. Rutledge, and Mr. Ellis far exceed a reasonably hourly rate for similar litigation in the South Florida area. Accordingly, Plaintiff has not provided this Court with evidence to establish the proper range of rates for civil rights litigation as conducted by counsel in this case. See <u>Duckworth v. Whisenant</u>, 97 F. 3d 1393, 1396 (11th Cir. 1996). A review of relevant evidence clearly established that the hourly rates sought by Plaintiff are significantly above the prevailing market rates for attorneys in this area.

As such, the hourly rates for Mr. Cohen, Mr. Rutledge, and Mr. Ellis should be calculated according to the suggested reasonable rate ranges in the expert affidavit attached at Tab 1 as follows:

| | |
|---|---|
| Mr. Cohen | $300 to $350 |
| Mr. Rutledge | $250 to $275 |
| Mr. Ellis | $175 |

---

[4]    No affidavit, however, was provided by Mr. Ellis, who the records reveal performed the bulk of the work on the case with 105.5 billable hours.

**B.**        **The Number Of Hours Claimed Is Excessive.**

Plaintiff's attorneys have requested compensation in an amount totaling $94,011.25.[5]
A close review of the billing records for Mr. Cohen, Mr. Rutledge, Mr. Ellis, and other attorneys who worked on the case reveals that Plaintiff is not entitled to fees for many of the hours billed by its attorneys.[6]   Plaintiff's request fails to indicate with specificity any deduction for excessive, unnecessary, or redundant hours, and demonstrates overall poor "billing judgment."   Further, Plaintiff's fee request is insufficient in that it is wholly impossible, based on the records submitted by Plaintiff, to determine the amount of time expended by Plaintiff's counsel for different activities.   Accordingly, the number of hours awarded to Plaintiff for attorney time should be reduced by at least one-third.

In Hensley, the Supreme Court established that a fee applicant must exercise what the Court defined as "billing judgment" with respect to hours billed.   The exercise of billing judgment entails excluding excessive or otherwise unnecessary hours.   An attorney "may not

---

[5]        As discussed above, it appears Plaintiff's Motion is inconsistent with the records and the amount requested.   Plaintiff states in its Motion that Mr. Ellis' time is being billed at $175.00, yet the records reflect that Mr. Ellis' time after November 1, 2000 is billed at $200.00.   Further, the reduction in billable hours for Mr. Cohen, from $495.00 per hour to $410.00 per hour, does not appear to be reflected in the final total requested.   Accordingly, it is impossible for Defendant to determine the precise amount requested by Plaintiff.

[6]        Mr. Cohen appears to seek fees for a total of 165.5 hours, after a reduction of 55.5 hours based on Mr. Cohen's affidavit.   Mr. Ellis seeks fees for 105.5 hours of work and Mr. Rutledge for 8 hours.

be compensated for hours spent on activities for which he would not bill a client of means who was seriously intent on vindicating similar rights, recognizing that in the private sector the economically rational person engages in some cost benefit analysis. Norman, 836 F. 2d at 1301. Further, as Mr. Cohen's affidavit explains, Mr. Cohen has extensive experience with cases addressing identical issues as those addressed in the instant case. In light of his experience, which he argues entitles him to an extremely high hourly rate, the time spent by Mr. Cohen on any given litigation activity should reflect his expertise -- clearly, it does not.

In order for a fee request to be sufficient, ". . . fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity. A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case." Id. Plaintiff's Motion is remarkably devoid of any such delineation of time or summary of the time spent on different activities. The time records provided by Plaintiff fail to specify the amount of time spent on each specific activity. Mr. Cohen and Mr. Ellis have co-mingled the time billed for different activities throughout their respective billing records. Accordingly, many activities are lumped into a single time entry. Similarly, duplicate billing

appears in the counsels time records. A review of the time records submitted by Plaintiff reflects a great deal of redundant, excessive and otherwise unnecessary hours billed.

The Defendant asserts that the following hours are excessive, redundant, otherwise unnecessary or in the exercise of sound billing judgment, would not be charged to a fee paying client. As a result of the numerous instances of poor billing judgment discussed below, Defendant City asserts that the total hours billed by Plaintiff's attorneys should be reduced by one-third.

### i.    Excessive Time On Mediation Brief.

Plaintiff seeks reimbursement for almost 60 hours of time spent on the preparation of Plaintiff's Mediation Brief. The time records reflect that between June 6, 2000 and July 27, 2000, Mr. Cohen billed over 50 hours on drafting and legal research related to Plaintiff's Mediation Brief. Further, Mr. Ellis' time records reflect that he billed several hours with regard to the preparation of the Mediation Brief. This amount of time is clearly excessive, especially in light of Mr. Cohen's experience in this field. Clearly, Plaintiff's failure to reduce this amount of time constitutes poor billing judgment.

### ii.    Duplicate Billing For Preparation And Attendance At Mediation.

Not including time spent on drafting the Mediation Brief, Mr. Cohen's records reflect that he spent 23 hours for the preparation and attendance at the mediation of this case.[7] Further, Mr. Rutledge billed 8 hours for the preparation and attendance at the mediation. Clearly, 31 hours for a mediation, not including the incredible amount of time spent on the mediation brief, is excessive, redundant, and duplicative and represents poor billing judgment. Further, Plaintiff has failed completely to define the distinct contributions made by each attorney at the mediation. American Civil Liberties Union v. Barnes, 168 F. 3d 423, 432 (11th Cir. 1999). Accordingly, the time spent in preparation and attendance at the mediation should be significantly reduced.

### iii.    **Miscellaneous**

Numerous entries throughout both Mr. Cohen's and Mr. Ellis' records reflect unspecified file review and legal research. For example, on June 12, 2000, Mr. Cohen billed 8 hours for "research." Again on June 13, 2000, he has another entry for "research." Similar entries appear on June 26, June 28, July 2, and throughout his time records. Such entries fail to provide the Court with any indication of the type of work actually being performed. Accordingly, Plaintiff's fee award should be adequately reduced. Further small tasks of

---

[7]    As discussed above, many of Mr. Cohen's times entries are clumped together, thus it is impossible for Defendant to determine exactly how much time was spent on each activity listed.

receipt and review, phone conferences, and other menial tasks are billed at .25 or .3 when the task would clearly take only two or three minutes.

## CONCLUSION

Plaintiff's billing records are riddled with redundant, excessive, and otherwise unnecessary work entries resulting from Plaintiff's counsel's poor billing judgment. Further, Plaintiff has failed to provide this Court with the required breakdown of hours by activity. In fact, many of the entries by Mr. Cohen and Mr. Ellis lump together numerous activities under a single time entry. As such, Plaintiff's fee request should be reduced by on-third for all three of the attorney's working on the case. Accordingly, a reasonable fee should be based on the following number of hours:

| | |
|---|---|
| Mr. Cohen: | 110.3 hours |
| Mr. Ellis: | 75.6 hours |
| Mr. Rutledge: | 5.3 hours |

Based on the hourly rate ranges established above in Section I, and the above billable hours, a reasonable attorney's fee award for Plaintiff would be as follows:

| | |
|---|---|
| Mr. Cohen: | $33,000 to $38,500 |
| Mr. Ellis: | $13,200 |
| Mr. Rutledge: | $1,250 to $1,375 |

Accordingly, the total fee award for Plaintiff should be no more than $53,000.00.

CASE NO. 00-6186-CIV-UNGARO-BENAGES
Wilton Manors Street Systems vs. City of Wilton Manors

## II.

## PLAINTIFF'S COST APPLICATION IS EXCESSIVE.

The taxation of costs is a matter left to the discretion of the court. Trammell Real Estate Corp. v. Trammell, 748 F.2d 1516 (11th Cir. 1984). Plaintiff requests reimbursement for $4,948.69 in litigations costs, yet fails to cite any legal authority whatsoever on which its claim for recovery is based. Plaintiff's application is wholly inadequate because not only does it fail to provide documentation establishing the reasonableness of the expenditures for which recovery is sought, but also seeks reimbursement for expenses which are not recoverable.

Plaintiff requests reimbursement for numerous items such as copying, legal research and postage, but fails to provide any description whatsoever of the purpose or subject matter of the costs incurred. In Cullens v. Georgia Dept. of Transp., 29 F. 3d 1489, 1494 (11th Cir. 1994), the court disallowed similar costs noting that the plaintiff did not present evidence regarding the use or intended use of the costs incurred. In Castle v. Bensten, 872 F. Supp. 1062, 1058 (D.D.C. 1995), the court made a similar inquiry and refused to award costs where documentation was inadequate to permit the court to determine whether the claimed expenditures were reasonable:

> Thus, the court shall not award costs for general unspecified expenses such as "duplicating," "courier," "long-distance massager," "telephone conference," "local travel," "Gabrell &

13

> Stoltz," and "Westlaw" fees where the Plaintiff has not made clear the <u>purposes</u> for which each of these charges was incurred <u>so as to provide the court with sufficient information for determining whether the fees were necessary for use in the case.</u>

All of the shortcomings noted by the court in <u>Castle</u> are indicated in the record here. Plaintiff has simply listed items of expense without providing documentation that would permit the Court to determine whether the charges were necessary for use in the case.

The specific items to which Plaintiff's counsel is entitled recovery is governed by statute, and is limited to the following:

A judge or clerk of any court of the United States may tax as costs the following:

    i.    Fees of the clerk and marshal;

    ii.    Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

    iii.    Fees and disbursements for printing and witnesses;

    iv.    Fees for exemplification and copies of papers necessarily obtained for use in the case;

    v.    Docket fees under section 1923 of this title;

    vi.    Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Unless specifically provided as recoverable costs, the prevailing party in a civil rights action is not entitled to an award of incidental expenses normally subsumed in office overhead. <u>Duckworth v. Whisenant</u>, 97 F. 3d 1393 (11th Cir. 1996). Further, a fee

14

applicant's failure to adequately describe the costs allegedly incurred warrants a reduction of the amount claimed and the District Court may, in its discretion, disallow such costs in their entirety. Johnson v. Mortham, 173 F.R.D. 313 (N.D. Fla. 1997).

### i.    Postage Fees Are Not Recoverable As Costs.

Plaintiff's counsel seeks $287.22 in postage expenses. It is well settled that costs for postage are not recoverable in a civil rights action. Duckworth, 97 F.3d 1393. The Eleventh Circuit has expressly held these costs to be non-recoverable in a civil rights action and has consistently denied applications seeking such recovery. Id.; See also, Kivi v. Nationwide Mut. Ins. Co., 695 F. 2d 1285, 1289 (11th Cir. 1983). Postage expenses are further disallowed as not being encompassed by 42 U.S.C. § 1920, and are clearly non-recoverable. Moreover, Plaintiff's counsel made no attempt to articulate any description as to why the postage fees were incurred. Further, the costs of express couriers, such as Federal Express, which encompasses almost all of the postage costs discussed herein, are not recoverable. See Johnson, supra. The postage entries listed in Plaintiff's bill of costs are vague and the items in their entirety must be disallowed. See Johnson, supra.

### ii.    Photocopying Charges Are Not Recoverable As Costs.

Plaintiff's counsel seeks $330.10 in photocopying charges. Yet Plaintiff's counsel completely fails to itemize the costs other than by date and dollar amount. There is not a single entry which states what documents were actually copied. It is well-settled that costs

CASE NO. 00-6186-CIV-UNGARO-BENAGES
Wilton Manors Street Systems vs. City of Wilton Manors

for general copying are not recoverable in a civil rights action. <u>Duckworth</u>, <u>supra</u>. <u>See also</u>,

<u>Kivi</u>, <u>supra</u>. Further, there is absolutely no indication as to how much was charged per page,

thus preventing the defense from ascertaining if the charges are reasonable. Likewise, both

counsels fail to describe what was being copied, again depriving the defense from

ascertaining if these costs were necessary and recoverable.

In order for costs incurred in making photocopies to be taxable to the prevailing party,

the photocopies must have been necessarily obtained for use in the case. 28 U.S.C. § 1920;

<u>Desisto College v. Town of Howney-in-the-Hills</u>, 718 F. Supp. 906, 913 (M.D. Fla. 1989),

<u>aff'd</u> 914 F. 2d 267 (11th Cir. 1990). Plaintiff's Motion and supporting documentation of

costs for copies are vague and unspecific as to the nature of the costs incurred and whether

the costs were incurred as a <u>necessary</u> expense in litigating the present case. Further,

photocopies made merely for the convenience of counsel are not compensable costs. <u>Allen</u>

<u>v. United States Steel Corp.</u>, 665 F.2d 689 (5th Cir. Unit B 1982). Without more explanation,

the costs sought by Plaintiff must be considered "general copying" and recovery of expenses

must be denied. <u>See</u> <u>Johnson</u>, <u>supra</u>.

### iii.    <u>Computerized Legal Research Is Not Recoverable As A Cost</u>.

Plaintiff's counsel seeks $1,059.63 in computer research. It is well-settled that costs

for computerized legal research are not recoverable in civil rights actions. <u>Duckworth</u>, <u>supra</u>;

<u>Corsair Asset Management, Inc. v. Moskovitz</u>, 142 F.R.D. 347, 353 (N.D. Ga. 1992).

Further, Plaintiff's fee application fails to provide any explanation as to the purpose and necessity of the costs. Plaintiff's Motion does not even state what issues the research involved. Therefore, the costs for same must be denied as these costs are not recoverable and Plaintiff's fee application fails to state the need for the cost allegedly incurred. See Hensley, 461 U.S. 424, 433 (where documentation is insufficient, the court may reduce the award accordingly).

     iv.    **Travel Expenses Of Attorneys And Meals Are Not Recoverable Costs.**

Plaintiff's counsel seeks $688.43 in milage and travel expenses and $126.29 for meals. It is well-settled in this Circuit that "costs" for travel expenses are not recoverable. Allen v. Freeman, 122 F.R.D. 589 (S.D. Fla. 1988); Cappeletti Bros., Inc. v. Broward County, 754 F. Supp. 197 (S.D. Fla. 1991). Accordingly, the Court should deny Plaintiff's request for travel reimbursement as these are inappropriate costs claimed under 28 U.S.C. § 1920, and are otherwise not recoverable. Johnson v. Mortham, 173 F.R.D. 313 (N.D. Fla. 1997); Mallory v. Harkness, 923 F. Supp. 1546 (S.D. Fla. 1996), aff'd 109 F. 3d 771 (11th Cir. 1997).

     v.    **Long Distance Telephone Charges Are Not Recoverable Costs.**

Plaintiff's counsel seeks $ 214.68 in long distance telephone charges. Costs for long distance telephone charges are not recoverable. Johnson v. Mortham, 173 F.R.D. 313, 320 (N.D. Fla. 1997)(court held that long distance telephone and telefax charges were not

recoverable under 28 U.S.C. § 1920). Further, Mr. Rutledge, who seeks $188.80 of the long distance telephone charges, provides absolutely no itemization for the costs and states nothing more than "long distance" with a dollar amount. Accordingly, even if long distance charges were taxable, Plaintiff would still be unable to recover the costs because of the complete lack of documentation. See Johnson v. Mortham, 173 F.R.D. at 320 (". . . even if these costs were taxable, the absence of documentation would preclude Plaintiffs from recovering them.) Accordingly, Plaintiff is not entitled to recover the requested costs for long distance telephone charges.

**vi.    Overtime Pay To Employees Is Not Recoverable As A Cost.**

Plaintiff seeks to recover $641.87 in employee overtime charges. These costs are not recoverable under 42 U.S.C. § 1920. See Corsair Asset Management, Inc. v. Moskovitz, 142 F.R.D. 347, 353 (N.D. Ga. 1992). Further, Plaintiff has completely failed to provide any description whatsoever as to why overtime was incurred and whether it was necessary for the case. Accordingly, Plaintiff is not entitled to recover costs for employee overtime.

**vii.   Mediation Expenses Are Not Recoverable As Costs.**

The Plaintiff seeks to recover $ 890.62 for mediation costs. 28 U.S.C. § 1920 does not provide for the recovery of mediation expenses as a cost. Further, the Local Rules for the Southern District of Florida specifically provide that "absent agreement of the parties to the contrary, the cost of the mediator's services shall be borne equally by the parties to the

CASE NO. 00-6186-CIV-UNGARO-BENAGES
Wilton Manors Street Systems vs. City of Wilton Manors

mediation conference." Local Rule 16.2(B)(6). Accordingly, Plaintiff is not entitled to recover for his portion of the mediation expenses.

Accordingly, Plaintiff's costs application should be reduced by the above designated amounts, a total of $4,238.84, for a remaining amount of $ 709.85.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via U.S. Mail to **GARY R. RUTLEDGE, ESQUIRE**, Rutledge, Ecenia, Purnell & Hoffman, Attorneys for Plaintiff, 215 So. Monroe Street, Ste. 420, Tallahassee, FL 32301-1841, and **MYRON D. COHEN, ESQUIRE**, Hunton & Williams, Co-Counsel for Plaintiff, 200 Park Avenue, New York, NY 10166-0136, this _5th_ day of February, 2001.

JOHNSON, ANSELMO, MURDOCH, BURKE & GEORGE
**Attorneys for City of Wilton Manors**
790 East Broward Boulevard, Suite 400
Post Office Box 030220
Fort Lauderdale, Florida 33303-0220
Facsimile:    954/463-2444
Telephone:   954/463-0100 Broward
                      305/945-2000 Dade
                      561/640-7448 WPB

BY: _____
          MICHAEL T. BURKE
          Florida Bar No. 338771
          ERIN E. GILL
          Florida Bar No. 0121169

#20035MTB/kjc
cc    Magistrate Judge Brown

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6186-CIV-UNGARO-BENAGES

WILTON MANORS STREET SYSTEMS, INC.,

    Plaintiff,

vs.

CITY OF WILTON MANORS,

    Defendant.

_____/

## AFFIDAVIT OF HARRIET R. LEWIS

STATE OF FLORIDA:

COUNTY OF PALM BEACH:

    BEFORE ME, the undersigned authority personally appeared, HARRIET R. LEWIS, who states as follows:

    1.    I have been retained in the above-captioned case to review Plaintiff's fee application.

    2.    I have been a member of the Florida Bar since 1981 and I am admitted to practice in the United States District Court for the Southern District of Florida, the United States Court of Appeals for the Eleventh Circuit and the Supreme Court of the United States. During the past twenty years, I have litigated hundreds of cases in the Federal and State Courts, many of which involved constitutional and civil rights claims directed against various governmental entities.

    3.    In preparing this Affidavit, I have reviewed Plaintiff's Motion for Attorneys' Fees and to Tax Costs as well as the Affidavits of Gary R. Rutledge and Myron D. Cohen. I have also spoken to Attorney Michael T. Burke concerning the matter.

4.    I am familiar with the prevailing market rates charged by attorneys and paralegals in the South Florida area for services provided in the litigation of civil rights and claims involving the Federal Constitution.

5.    I believe the range of hourly market rates in the Southern District of Florida for each of the Plaintiff's attorneys based on their experience in federal litigation, is as follows:

Myron D. Cohen - $300 to $350 per hour

Gary Rutledge - $250 to $275 per hour

John Ellis - $175 per hour

FURTHER AFFIANT SAYETH NAUGHT.

*Harriet R. Lewis*

HARRIET R. LEWIS

The foregoing instrument was acknowledged before me this 5ᵗʰ day of February, 2001, by **Harriet R. Lewis** who is known to me or who has produced _____ as identification and who did take an oath.

My Commission Expires:

NOTARY PUBLIC

Morris Gary Miller
MY COMMISSION # CC803096 EXPIRES
February 25, 2003
BONDED THRU TROY FAIN INSURANCE, INC.