

NIGHT BOX
FILED

FEB 2

CLARENCE MADDOX
CLERK, USDC / SDFL

IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

WILTON MANORS STREET )
SYSTEMS, INC., )
                                  )       No. 00-6186-Civ-Ungaro-Benages
           Plaintiff, )
                                  )       Reply Memorandum
vs. )       in Support of Plaintiff's Motion
                                  )       for Attorneys' Fees and to Tax Costs
CITY OF WILTON MANORS, )
                                  )
           Defendant. )
_____)

## INTRODUCTION

In response to the motion for attorneys' fees and to tax costs of plaintiff, Wilton Manors Street Systems, Inc. ("Street Systems"), the defendant, City of Wilton Manors ("the City") attacks the hourly rates, total hours, and costs sought by Street Systems as excessive, and alleges inconsistencies between the motion, affidavits, and supporting time records. As shown below and in the accompanying affidavit of Karen Kammer, the City's position is contradicted by the record which shows that the fees and costs sought are reasonable.

## BACKGROUND

Street Systems brought a 42 U.S.C. § 1983 civil rights action against the City challenging the constitutionality of the City's 1997 Sign Code regulating outdoor advertising. Street Systems' complaint alleged that the Sign Code violated Street Systems' First Amendment rights. On December 6, 2000, this Court granted Street Systems' motion for summary judgment, finding the City's 1997 Sign Code unconstitutional on its face in its regulation of speech; that the unconstitutional provisions of the Sign Code cannot be severed from the valid provisions; and that Street Systems has vested rights to issuance of six permits that Street Systems' predecessor had applied for and that had been denied based on the 1997 Sign Code.

Subsequently, Street Systems filed its motion for attorneys' fees and to tax costs, supported by the affidavits of Myron D. Cohen and Gary R. Rutledge. Specifically, Street Systems sought attorney's fees of $94,011.25, and costs of $4,948.69, plus additional costs and fees if a hearing is required on the motion.

Case No. 00-6186-Civ-Ungaro-Benages

## ARGUMENT

This Court should award the fees and costs sought by Street Systems because the amounts sought are reasonable and supported by the record.

### I.

### Street Systems' Rates and Hours are Reasonable

"The Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988, directs that 'the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs' incurred in certain proceedings to enforce civil rights." Mills v. Freeman, 118 F.3d 727, 733 (11th Cir. 1997) (quoting 42 U.S.C. § 1988(b) (1997)). As the prevailing party in this case, Street Systems is entitled to recover those fees for hours that were "reasonably expended" in bringing its successful section 1983 civil rights action against the City. Mills, 118 F.3d at 733.

Street Systems has submitted satisfactory evidence to establish that the requested rates sought for its attorneys are in accord with the prevailing market rate and that the hours expended by the attorneys are reasonable. See Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1304 (11th Cir. 1988). Norman "prescribes the law in [this] circuit for determining the appropriate award of attorney's fees. The court must multiply the number of hours reasonably expended by a reasonable hourly rate. After determining the lodestar, the court may adjust the amount depending upon a number of factors, including the quality of the results and representation of the litigation." Duckworth v. Whisenant, 97 F.3d 1393, 1396 (11th Cir. 1996) (citing Norman, 836 F.2d at 1299, 1302-03). "Although the party seeking fees has the burden of supplying the court with detailed evidence from which the court can determine a reasonable fee, where that party presents inadequate documentation the court may determine a reasonable award based on its own experience . . . . The court may also rely on affidavits in the record." Mills, 118 F.3d at 734 (affirming district court's award of fees based on motions for attorney's fees and the supporting documents filed with them, all pleadings and other documents filed with the court, all hearing and conferences before the court, as well as information regarding all appeals).

A.   The Record Shows that the Attorneys' Rates are Reasonable

In this case, in addition to its motion for attorneys' fees and to tax costs, Street Systems has provided the Court with the affidavit of Karen W. Kammer establishing the market rates for

2

1983 civil rights cases in South Florida. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299. A movant "may meet his burden by producing either direct evidence of rates charged under similar circumstances *or opinion evidence* of reasonable rates." Duckworth, 97 F.3d at 1396 ("a civil rights case involving a single plaintiff may require analogies to other areas of representation"). Ms. Kammer's affidavit shows that the reasonable rates for the plaintiff's attorneys in South Florida are as follows: at least $410 per hour for Myron D. Cohen; at least $290 for Gary R. Rutledge; and at least $175 for John R. Ellis. Under the Eleventh Circuit's reasoning in Duckworth, this showing alone is adequate to enable this Court to determine reasonable fees in this case.[1]

Furthermore, as in Duckworth, "[t]his [C]ourt has also been given ample opportunity to assess the lawyering of this case for the Plaintiff. [All three] attorneys are experienced litigators who ably represented their client." Duckworth, 97 F.3d 1397; see also Cuban Museum of Arts and Culture, Inc. v. City of Miami, 771 F. Supp. 1190 (S.D. Fla. 1991) (hourly rates of $275 and $175 claimed by attorneys who had represented plaintiffs in civil rights action were reasonable and were properly used in calculating lodestar amount of attorney fee award, given attorneys' experience, skill, and reputation in the community);[2] Mallory v. Harkness, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996) ($275.00 hourly rate was reasonable given other fee awards in the Eleventh Circuit and Southern District of Florida). The record clearly shows that the rates sought

---

[1] Moreover, $410 per hour is Mr. Cohen's rate for an almost identical action challenging a city sign ordinance in the Middle District of Florida, Revolution Outdoor Advertising, Inc. v. City of Casselberry, Case No. 98-1344-CV-18C (M.D. Fla.), on appeal, Docket No. 00-10863-HH (11th Cir.). "In determining the prevailing market rate, courts typically consider . . . the attorney's customary fee." Mallory v. Harkness, 923 F. Supp. 1546, 1554 (S.D. Fla. 1996); see also Brooks v. Georgia State Bd. Of Elections, 997 F.2d 857, 870 (11th Cir. 1993) ("The court should also consider the hourly rates these two attorneys had been paid in similar litigation at or before the time of this lawsuit").

[2] This of course is further supported by the affidavits of Myron D. Cohen and Gary R. Rutledge detailing the experience of the attorneys whose fees are being sought. Moreover, this Court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Norman, 836 F.2d at 1303.

to be recovered from the City are reasonable.[3]

B.  The Record Shows that the Hours Expended are Reasonable

Furthermore, the hours expended by the plaintiff's attorneys to prevail in this case are reasonable. "The time that is compensable under § 1988 is that 'reasonably expended on the litigation.'" Webb v. Board of Educ. of Dyer County, Tenn., 471 U.S. 234, 242 (1985) (quotation omitted) (the burden rests on the movant to submit a request for fees that will enable the Court to determine what time is reasonably expended on the federal litigation).

Here, Street Systems has submitted the affidavits of Myron D. Cohen and Gary R. Rutledge with accompanying billing documentation detailing the specific work done to prevail in this case and the rates and total hours spent by each attorney on that work. Thus, Street Systems has met its burden of providing documentation to enable this Court to determine the reasonableness of the hours spent to win this case by Street Systems' attorneys. See Rainey v. Jackson State College, 551 F.2d 672, 677 (5th Cir. 1977) (attorney's record of time is not "a

---

[3] Indeed, Ms. Kammer's affidavit shows that the requested hourly rate of $410 for Mr. Cohen is "at or slightly below market in South Florida for an attorney of Mr. Cohen's experience in the area of outdoor advertising regulation and who has practiced law for 41 years." (Kammer Affidavit ¶ 5(a)) (affidavits will hereafter be cited as "Aff."). Despite the City's assertion that Mr. Cohen's affidavit fails to reflect this $410 rate, (Opposition at 3 n.1 & 8 n.5), the billing records attached as exhibits to Mr. Cohen's affidavit reflect $410 per hour as his rate sought for all Mr. Cohen's time entries except two entries sought on April 28 and 29, 1999 (a total of 11 hours at a rate of $495 per hour) and two entries voluntarily not sought by the plaintiff. See Part I.C. infra. The billing rate is easily adduced from the billing records by dividing the total dollar amount sought for each time entry by the number of hours billed for that entry. Moreover, the rate is reflected in the billing records as "Avg. Posted Rate."

Similarly, the City correctly points out that Mr. Rutledge's affidavit states that Mr. Ellis's time was billed at $175 but that Mr. Ellis's time was in fact billed at both $175 and $200 per hour. (Opposition at 3, 6 n.3, & 8 n.5). Nevertheless, the City's claim that it therefore "is not clear what hourly rate Plaintiff is seeking for Mr. Ellis' time" is not valid. (Opposition at 3). Street Systems' motion for attorneys' fees, Mr. Rutledge's affidavit, and the exhibits attached thereto make it clear that Street Systems is seeking both the $175 and the $200 rate for Mr. Ellis's time. Street Systems' motion for attorneys' fees seeks the full $23,232.50 billed by Mr. Ellis at both rates and by Mr. Rutledge. (Motion for fees ¶ 5; Rutledge Aff. ¶¶ 4-6). The affidavit of Ms. Kammer attests to the reasonableness of the rates charged by Mr. Ellis: "I believe the requested hourly rate of $175 for John Ellis is well below market in South Florida for an attorney of Mr. Ellis's experience and who has practiced law for approximately 23 years." (Kammer Aff. ¶ 5(c)).

Case No. 00-6186-Civ-Ungaro-Benages

talisman" but time spent must be given real consideration as factor in determining proper award of attorney fees, and court is not at liberty to find that hours spent in preparation are not reliable or dependable source or fair standard of measurement for award).

As reflected in the billing records, the total amount of hours sought for Myron D. Cohen is 161.25 hours at $410 per hour (totaling $66,112.50) (Cohen Aff. Exs. A-2 through A-5) and 11 hours at $495 per hour (totaling $5,445.00) (Cohen Aff., Ex. A).[4] The total amount of hours sought for Mr. Cohen's associates is 1.25 hours (totaling $221.25). These hours sought do not include the additional 55 hours already voluntarily deducted as described in Mr. Cohen's affidavit. See Part I.C. infra. The total amount of fees sought for Hunton & Williams thus is: $66,112.50 plus $5,445.00 plus $221.25, which equals: $71,788.75.[5] This is the dollar amount for hours sought in Street Systems' fee motion.

Similarly, the billing records attached as exhibits to Mr. Rutledge's affidavit clearly show that the total amount of hours sought for Mr. Rutledge's firm is 44.25 hours at $175 per hour for Mr. Ellis, 61.25 hours at $200 per hour for Mr. Ellis, and 8 hours for Mr. Rutledge at $290 per hour (totaling $22,313.75) (Rutledge Aff., Ex. A-1, p.9), plus 5.25 hours at $175 per hour for Mr. Ellis (totaling $918.75) (Rutledge Aff., Ex. B), which equals: $23,232.50.[6] This corresponds to the dollar amount of fees sought for Rutledge, Ecenia, Purnell & Hoffman in Street Systems' motion for attorney's fees.

---

[4] The hours sought are easily adduced by adding up the individual hour entries for Mr. Cohen as reflected in the billing records.

[5] The City's assertion that, "[t]he remaining 138.8 hours," (after deducting the 55 hours not sought by Street Systems), "billed at $410 per hour . . . should bring the total billable sought by Mr. Cohen to $56,616.75," is incorrect. (Opposition at 3). Although it is unclear how the defendant arrives at the 138.8 hours -- possibly by overlooking a page of billing records -- a review of the billing records clearly reveals that the correct number of hours billed by Mr. Cohen and his associates after deducting the 55 hours, see infra Part I.C., amount to $71,788.75 in fees as reflected in the motion for attorneys' fees. Similarly, other supposed "inconsistencies" claimed by the City have no basis in an accurate review of the records. See infra Part I.C.

[6] The total hours billed and the billing rates are clearly shown on the face of the billing records. See Rutledge Aff. Ex. A-1. In addition, the total number of hours are easily adduced by adding up the individual hour entries reflected in the billing records. Again, the billing rate is easily adduced by dividing the total dollar amount sought for each time entry by the number of hours billed for that entry. See Rutledge Aff. Ex. B.

These hours are reasonable given the work performed and reflect proper "billing judgment."[7] See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The billing records detailing the work performed show that no excessive or unnecessary hours have been sought and "show the time spent on the different claims, and the general subject matter of the time expenditures . . . with sufficient particularity so that the district court can assess the time claimed for each activity." Norman, 836 F.2d at 1301.[8] In this case, there is no need to deduct time spent on unsuccessful claims because Street Systems prevailed on all its claims and only billed time spent to prevail on those claims. See Hensley, 461 U.S. at 435 ("in determining reasonable hours the district court must deduct time spent on discrete and unsuccessful claims"). Indeed, "[w]here all theories derive from a common core of operative facts, the focus should be on the significance of overall results as a function of total reasonable hours." Norman, 836 F.2d at 1302.

Moreover, it is the City's burden, and not Street Systems' burden, to show hours sought to be reduced. See Norman, 836 F.2d at 1301 ("[a]s the district court must be reasonably precise in excluding hours thought to be unreasonable or unnecessary, so should be the objections and proof from fee opponents"). The City has failed to identify a single hour that should be disallowed for a proper reason supported by law and so has failed to meet this burden. The only hours that the City specifically identifies as supposedly warranting reduction by one-third are: 50

---

[7] The City offers no support for its allegation that the time spent by Mr. Cohen does not reflect his high level of expertise warranting his hourly rate of $410. (See Opposition at 9). Similarly, the City's allegation that "small tasks of receipt and review, phone conferences, and other menial tasks [that] are billed at .25 or .3 when the task would clearly take only two to three minutes" is wholly unsupported. (Opposition at 12).

[8] See Deary v. City of Gloucester, 9 F.3d 191 (1st Cir. 1993) (award of attorneys' fees under civil rights attorney fee statute was proper in light of court's examination of affidavits regarding fees from local attorneys, billing rate information for firms, and experience levels of parties' attorneys); Dennis v. Chang, 611 F.2d 1302 (9th Cir. 1980) (record including affidavits offered by attorneys who worked on civil rights case, each containing itemizations of the number of hours expended and a short description of the tasks performed and the time required did not support defendants' argument that data furnished in support of the attorney fee award were not sufficiently detailed to enable the court to determine reasonable attorneys' fees); Pastre v. Weber, 800 F. Supp. 1120 (S.D.N.Y. 1991) (fee application satisfied contemporaneous time records requirement for award of fees under section 1988, even though application contained only chronological printouts of computer records generated by law firm's accounting department from contemporaneous daily time sheets and did not contain daily time sheets themselves).

hours spent by Mr. Cohen and "several hours" billed by Mr. Ellis on researching and drafting Street Systems' mediation brief; and, 23 hours spent by Mr. Cohen and 8 hours spent by Mr. Rutledge for preparation for and attendance at the mediation. (Opposition at 10-11). The City cites these hours without support as "excessive, redundant, and duplicative and represent[ing] poor billing judgment." (Opposition at 11). However, Street Systems' mediation brief and preparation for mediation in this case served as the basis for Street Systems' motion for summary judgment that prevailed before this Court. Thus, time spent in preparing the mediation brief and for mediation itself is directly attributable to the success of Street Systems' summary judgment motion and should not be reduced.

Furthermore, the City has failed to identify any unreasonable duplication of work. A reduction in attorneys' fees for duplication of effort is warranted only if the attorneys involved were unreasonably doing the same work. See Johnson v. University College of University of Alabama in Birmingham, 706 F.2d 1205, 1208 (11th Cir. 1983). "There is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer." Norman, 836 F.2d at 1302. The City's blanket assertion that the attorneys' fees awarded to Street Systems should be "reduced by on-third [sic] for all three attorney's [sic] working on the case" is without support. Street Systems is entitled to its reasonable hours spent in vindicating its civil rights.[9]

    C.    The Plaintiff's Voluntary Proposal for More Than a 20 Percent Reduction of the Lodestar Amount Sought is More Than Reasonable

Ultimately, "[t]he most critical factor in determining the award of attorney's fees is the degree of success that the party obtained." Mills, 118 F.3d at 733. "After the lodestar is determined by multiplication of a reasonable hourly rate times hours reasonably expended, the

---

[9] The City asserts that "[n]umerous entries . . . reflect unspecified file review and legal research" and identifies 5 such purported instances: "For example, on June 12, 2000, Mr. Cohen billed 8 hours for 'research.'" (Opposition at 11). The City's characterization of the billing records is incorrect. In fact, the records show that Mr. Cohen billed 8 hours on June 12, 2000, to various enumerated activities, *including* research -- research billed to prevail in this case that should be compensated. See Mallory, 923 F. Supp. at 1556 (although plaintiff lumped together his time listings, the court was able to determine reasonableness of each activity).

court must next consider the necessity of an adjustment for results obtained. If the result was excellent, then the court should compensate for all hours reasonably expended . . . . The vindication of a constitutional right is important even if only a small amount of money is involved." Norman, 836 F.2d at 1302.

In this case, the fundamental First Amendment civil right vindicated by the success of the plaintiff's action supports an increase in the $91,388.75 lodestar value of attorneys' fees. See, e.g., Skyywalker Records, Inc. v. Navarro, 742 F. Supp. 638 (S.D. Fla. 1990) (fee request in civil rights action by record company and band members would be enhanced by 10% based on results obtained, namely a permanent injunction prohibiting county sheriff from censoring group's album containing explicit lyrics). Yet, in the interest of resolving this matter, the plaintiff's motion for attorneys' fees has on its own initiative proposes over a 20% *decrease* -- from $91,388.75 to $71,778.75 -- in the fees sought.

Nevertheless, the defendant attacks this proposed $19,610 voluntary decrease, claiming that "Mr. Cohen's affidavit fails to reflect [this] reduction in the amount of fees billed." (Opposition at 2-3). This claim is wrong and misleading. As made clear in Mr. Cohen's affidavit and the billing records submitted as exhibits thereto, the $19,610 reduction is the mathematical result of deleting 55.5 hours billed on the following dates: "(a) 14 hours for work performed on April 22 and 26, 1999; (b) 5 hours for work performed in November 1999; and (c) 28.5 hours for work performed between December 17 and December 28, 1999."[10] Street

---

[10] It is the City's burden, and not Street Systems' burden, to show hours sought to be reduced. See Norman, 836 F.2d at 1301. Nevertheless, Street Systems has properly identified the hours it proposes to be disallowed as an accommodation to the City. The billing records show that the posted values for these specified dates are as follows:
   04/22/99 -- $2,970.00 (Mr. Cohen at $495 per hour)
   04/26/99 -- $3,960.00 (Mr. Cohen at $495 per hour)
   11/18/99 -- $820.00   (Mr. Cohen at $410 per hour)
   11/22/99 -- $1,230.00 (Mr. Cohen at $410 per hour)
   12/17/99 -- $3,280.00 (Mr. Cohen at $410 per hour)
   12/20/99 -- $3,280.00 (Mr. Cohen at $410 per hour)
   12/21/99 -- $1,640.00 (Mr. Cohen at $410 per hour)

Systems' proposed decrease is a significant accommodation to the City that supports the reasonableness of the remaining fees sought by Street Systems.[11]

## II.

### The Costs Sought Are Reasonable

The costs sought are reasonable and supported by Eleventh Circuit precedent approving a tradition of liberally reimbursing attorney expenses in section 1988 actions. Specifically, the Eleventh Circuit has held that, "with the exception of routine office overhead normally absorbed by the practicing attorney, all reasonable expenses incurred in the case preparation, during the course of litigation . . . may be taxed as costs under section 1988." Dowdell v. City of Apopka, 698 F.2d 1181, 1192 (11th Cir. 1983) ("As is true in other applications of section 1988, the standard of reasonableness is to be given a liberal interpretation . . . . Civil rights litigants may not be charged with selecting the nearest and cheapest attorney. Neither may civil rights attorneys be charged with being financial efficiency experts"); see also Mallory v. Harkness, 923 F. Supp. 1546, 1556 (S.D. Fla. 1996) (same).[12] Reasonable costs that have been specifically held

---

            12/21/99 -- $1,200.00 (Mr. Gutchess)

            12/21/99 -- $682.50   (Ms. Bradley)

            12/22/99 -- $205.00   (Mr. Cohen at $410 per hour)

            12/22/99 -- $240.00   (Mr. Gutchess)

            12/28/99 -- $102.50   (Mr. Cohen at $410 per hour)

The total value of these entries is $19,610 consistent with the proposed reduction of fees volunteered in Street Systems' motion for attorneys' fees.

[11] Again, this Court should keep in mind the City's $15,172.00 miscalculation as described in footnote 5, supra.

[12] The City's six-page attack on Street Systems' costs claim ignores this precedent, citing inapposite case law that limits recovery to costs specified under 28 U.S.C. § 1920. But, "[t]he issue of which expenses are properly chargeable to the defendants under section 1988 is not settled by reference to any pre-determined list of items. It is governed by the purposes of the governing statute and the nature and context of the specific litigation. The purpose of the Attorney's Fees Awards Act is to ensure the effective enforcement of the civil rights laws, by making it financially feasible to litigate civil rights violations . . . . Reasonable attorneys' fees under the Act must include reasonable expenses because attorneys' fees and expenses are inseparably intertwined as equally vital components of the costs of litigation." Dowdell, 698 F.2d at 1189-90.

to be recoverable under 42 U.S.C. § 1988 include: photocopies, telephone charges, travel time and expenses of the attorney, postage, and on-line research. See Mallory, 923 F. Supp. at 1556; Cuban Museum of Arts and Culture, Inc. v. City of Miami, 771 F. Supp. 1190, 1192-93 (S.D. Fla. 1991).

Street Systems' request for costs in the amount of $4,948.69 is reasonable and Street Systems has submitted sufficient documentation establishing those costs by attaching its billing records detailing each specific cost with the affidavits of Myron D. Cohen and Gary R. Rutledge. See, e.g., Pastre v. Weber, 800 F. Supp. 1120 (S.D.N.Y. 1991) (rejecting contention that word-processing costs should not be awarded because computer-compiled entries did not specify the document worked on or its status, and that photocopy costs should be denied because the entries did not specify the document reproduced; the entries need only provide an adequate basis for assessing the reasonableness of the expenditure). The City's claim that the costs requested are excessive is unwarranted. "The low amounts requested and the Plaintiff's pledge that these charges were connected to the prosecution of the case when considered in light of the liberal principals [sic] announced in Dowdell, [should] lead the Court to find these expenses compensable." Mallory, 923 F. Supp. at 1557. The requested costs should be awarded.

## CONCLUSION

For the foregoing reasons, this Court should grant the plaintiff's motion for attorneys' fees and to tax costs.

Respectfully submitted,

Hunton & Williams

By _____
Myron D. Cohen
Thomas R. Julin & Sandra K. Wolkov
Florida Bar Nos. 325376 & 0155179
2 South Biscayne Boulevard, Suite 2500
Miami, Florida 33131
305.810.2516 Fax 2460
tjulin or swolkov@hunton.com

Gary R. Rutledge & John R. Ellis
Florida Bar Nos. 222674 & 041976
Rutledge, Ecenia, Purnell & Hoffman, P.A.
P.O. Box 551
Tallahassee, Florida 32302
850.681.6788 Fax 6515

Attorneys for Wilton Manors Street Systems, Inc.

Case No. 00-6186-Civ-Ungaro-Benages

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing reply memorandum was sent by U.S. mail on February 23, 2001 to:

Michael T. Burke, Esq.
Johnson, Anselmo, Murdoch, Burke & George
790 East Broward Boulevard, Suite 400
P.O. Box 030220
Fort Lauderdale, Florida 33303-0220

_____
Thomas R. Julin